Jeffrey **BROWN** and Charles Brown, Appellants,

v.

**BROOKSHIRES GROCERY STORE and Glenn Noble Security, Inc., Appellees.**

No. 05–96–01710–CV.

Court of Appeals of Texas, Dallas.

Feb. 10, 1999.

---

Andrew A. Bergman, Bergman, Stein & Bird, L.L.P., David M. Ross, Bergman Yonks & Stein, P.C., Dallas, for Appellants.

Gregory R. Ave, Ronald W. Johnson, Touchstone Bernays Johnston Beall & Smith, John Holman Barr, Christopher J. Harrington, Dallas, for Appellees.

David Lloyd Zedler, David Zedler P.C., Sherman, for Third Party.

Before Chief Justice THOMAS and Justices MORRIS and WRIGHT.

## OPINION

JOSEPH B. MORRIS, Justice.

This is an appeal by writ of error. Jeffrey and Charles Brown challenge the trial court's order dismissing their lawsuit against appellees for want of prosecution. In two points of error, they contend the dismissal was not factually supported and that the dismissal without a hearing violated Texas Rule of Civil Procedure 165a. We agree the trial court did not comply with the rules of civil procedure. We reverse the dismissal order.

### FACTUAL BACKGROUND

Appellants sued appellees in 1994 on various causes of action arising out of an alleged incident occurring at a Brookshires grocery store in Corsicana, Texas. In January, 1996, appellants filed a letter with the trial court requesting the case be

placed on the jury docket. The letter was stamped indicating that a jury fee was paid to the court. At the same time, appellants filed a formal motion requesting the case be set and tried before a jury.

On May 12, 1996, the trial court, for reasons unknown, sent appellants' counsel a letter stating that the case would be dismissed for want of prosecution unless a written request for a setting or written showing for continuance was made within fifteen days. In response, appellants addressed a second letter to the court dated May 20, 1996. It referred to appellants' previous letter and payment of the jury fee and again requested the trial court to set the case on the jury docket. The letter indicates it was sent by regular mail. Our record does not confirm that the trial court received the letter.

On June 21, 1996, the trial court signed an order dismissing the case for want of prosecution pursuant to Texas Rule of Civil Procedure 165a because appellants "failed to take certain action heretofore specified by the court." Appellants filed an unverified motion to reinstate the case on July 2, 1996. A reinstatement hearing was scheduled for July 25, 1996, four days after the trial court's jurisdiction to reinstate the case expired. *See McConnell v. May,* 800 S.W.2d 194, 194 (Tex.1990). No order was signed on the motion to reinstate.

### Discussion

Appellants complain in their first point of error that the trial court abused its discretion in dismissing the case because, in fact, they did request a jury trial setting and paid a jury fee. In their second point of error, they contend the trial court failed to follow the notice and hearing requirements in rule 165a before dismissing their lawsuit and thereby violated due process guarantees.

A direct attack on a judgment by writ of error must (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the "actual trial," and (4) the error complained of must be apparent from the face of the record. *See* Tex.R.App. P. 45 (former rule); *Norman Communications v. Texas Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997). Appellees do not contest that appellants satisfy parts one and two of the test. They still contest, however, our jurisdiction. They contend that a writ of error is not available because appellants rely on facts not apparent on the face of the record and because appellants participated in the trial court and, therefore, should have pursued an ordinary appeal. Because the resolution of appellants' complaint necessarily resolves appellees' jurisdictional arguments, we address them together. Based on the discussion below, we conclude the trial court erred in not following the proper dismissal procedure, that appellants did not participate in any dispositive hearing below, and that the error is apparent from the face of the record.

The trial court's order of dismissal recites that appellants' case was dismissed pursuant to Texas Rule of Civil Procedure 165a. The rule provides, in part:

> A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney.... At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket.

Tex.R. Civ. P. 165a.

To comply with the rule, a trial court's notice of intent to dismiss must provide the date and place of the dismissal hearing. *See Rohus v. Licona,* 942 S.W.2d 111, 112 (Tex.App.—Houston [1st Dist.] 1997, no writ). The clerk's record contains the trial court's notice of intent to dismiss.

The notice states only that the case was pending for more than ninety days and that it would be dismissed unless a written request for a setting or written showing for continuance was made within fifteen days. The notice does not comply with rule 165a's requirement that it contain a date and place for the dismissal hearing. Because the notice of dismissal does not comply with the rules of civil procedure, error appears on the face of the record.

■ Furthermore, we hold that the language of rule 165a requires that a dismissal hearing be held before a party's claim may be dismissed for want of prosecution under the rule. See Tex.R. Civ. P. 165a. We also hold that the context of the rule, which provides for notice of a specific date and place for the hearing, requires an oral hearing at which the opportunity for a personal appearance and oral presentation is afforded. See Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr., 754 S.W.2d 152, 153 (Tex.1988). Appellants maintain the trial court reversibly erred in not holding a hearing. The record before us consists only of a clerk's record; there is no reporter's record. Relying on General Electric Co. v. Falcon Ridge Apartments, 811 S.W.2d 942 (Tex.1991), appellees claim that, to be "apparent from the face of the record," error must be "affirmatively established" by the record. Appellees assert that because the record in this case does not affirmatively show a hearing was *not* held, no error is "apparent from the face of the record" and relief is therefore unavailable.

■ Appellees' assertion that "error on the face of the record" means that the record must "affirmatively establish" error misstates the applicable standard of review. In General Electric, the plaintiff challenged by writ of error a dismissal under rule 165a on the ground that it did not receive notice of the trial court's intent to dismiss the case. The appellate record did not affirmatively indicate the notice was given nor did it indicate the notice was omitted. The supreme court held that un-

less someone (either a party or the district clerk) has the duty to ensure that a fact is affirmatively shown in the record, the absence of affirmative proof of that fact will not establish error in an appeal by writ of error. See General Elec., 811 S.W.2d at 943–44. Conversely, only if someone has the duty to make sure the record affirmatively shows a particular fact, will the absence of that fact from the record establish error. In effect, when there is no duty, a silent record is not sufficient to show error. See id. at 942; see, e.g., Norman Communications v. Texas Eastman, 956 S.W.2d 68, 70–71 (Tex.App.—Tyler 1997), rev'd on other grounds, 955 S.W.2d 269 (Tex.1997). The court in General Electric implicitly concluded that no one had the duty to ensure notice was affirmatively shown in the record. It held, therefore, that the silent record was insufficient to establish error and affirmed the dismissal. General Elec., 811 S.W.2d at 944. Contrary to appellees' assertions, nowhere in General Electric does the supreme court hold that facts showing error must be "affirmatively established" in the record. Rather, the applicable standard is that the error must be "apparent from the face of the record." Id. at 943.

■ Unlike the facts in General Electric, the record in this case is not entirely silent. The trial court's notice of dismissal clearly contemplates no dismissal hearing will be held. It merely states the cause "will be dismissed" if certain conditions are not met. Also, the trial court's order of dismissal does not recite that a hearing was held. It recites simply: "Plaintiffs having failed to take certain action heretofore specified by the court within the time prescribed, the court finds the cause should be dismissed...." These details, which are "apparent from the face of the record," indicate the trial court did not hold a dismissal hearing before the case was dismissed for want of prosecution, thereby failing to comply with rule 165a. Moreover, appellants affirmatively assert in their brief that no hearing was held.

Appellees do not contest appellants' assertion. Nor do appellees complain that the appellate record is inaccurate, incomplete, or missing any relevant part. *See* TEX. R.APP. P. 34.6(d), (e).

█ The record before us supports the conclusion that no dismissal hearing was held, and because of that conclusion, we necessarily also conclude that appellants did not participate in the dispositive hearing below. *See generally Mays v. Perkins,* 927 S.W.2d 222, 225 n. 5 (Tex.App.—Houston [1st Dist.] 1996, no writ). We disagree with appellees' contention that by filing a motion to reinstate, appellees participated in the "dispositive hearing." Accordingly, we conclude we have jurisdiction over the appeal and sustain appellants' second point of error.

█ By way of a reply point, appellees argue that appellants waived their complaints by not timely and properly objecting to the dismissal. Specifically, appellees claim waiver because appellants filed an unverified motion to reinstate, they failed to obtain a timely reinstatement hearing at which they could have urged their objections, and their motion to reinstate did not contain some of the arguments urged on appeal. *See* TEX.R.APP. P. 33.1. Appellees provide no case law to support their contention that appellants' complaints must be preserved in a verified motion to reinstate. To the contrary, we have refused to apply the waiver rule in a writ of error appeal brought under former appellate rule 45, even though the party seeking review may have had the opportunity to object by way of motion for new trial but did not take it. *See Allied Bank of Dallas v. Pleasant Homes, Inc.,* 757 S.W.2d 460, 463 (Tex.App.—Dallas 1988, no writ).[1] Also, this Court has held that an objection requirement would vitiate appeals by writ of error because a writ of error is designed to protect parties who

could not object because they were not present at the trial proceedings. *See Moffitt v. DSC Fin. Corp.,* 797 S.W.2d 661, 665 (Tex.App.—Dallas 1990, writ denied) (interpreting former rule 52(a)). It is inherently inconsistent in an appeal by writ of error to require an appellant not to have participated at trial yet require him to preserve error by trial objection. To impose such a requirement would require the impossible. *See First Dallas Petroleum, Inc. v. Hawkins,* 727 S.W.2d 640, 647 (Tex. App.—Dallas 1987, no writ). We will not apply the waiver rule here for the same reasons.

Because we conclude the trial court failed to give notice of the date and place of the dismissal hearing and did not hold the hearing as required by rule 165a, we sustain appellants' second point of error. We need not address appellants' first point of error. We reverse the dismissal order and remand the cause to the trial court with instructions to reinstate the case.

---

1. We note that under Texas Rule of Appellate Procedure 30, appellants' post-dismissal motion to reinstate would possibly preclude appeal by writ of error. *See* TEX.R.APP. P. 30.

Because rule 30 became effective after this appeal was perfected, however, we have applied former rule 45 to determine appellants' standing to appeal by writ of error.