TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00498-CV






Lynda's Boutique, Appellant



v.



George Alexander d/b/a Zentner's Daughter Steakhouse, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT


NO. C-99-0510, HONORABLE BEN WOODWARD, JUDGE PRESIDING 







 Appellant Lynda's Boutique filed this restricted appeal, challenging a trial court order
that dismissed its claim against appellee George Alexander d/b/a Zentner's Daughter Steakhouse
("Alexander") for want of prosecution. See Tex. R. App. P. 30. By one issue, appellant contends
it did not get notice of the trial court's intent to dismiss the suit; the trial court did not hold a hearing
on the dismissal; and appellant did not receive notice of the dismissal order. We will reverse the
order of dismissal and remand the cause to the trial court.


BACKGROUND

 Lynda's Boutique, which is located adjacent to Alexander's place of business in San
Angelo, sued Alexander for negligence and gross negligence following a fire at Alexander's that
resulted in damage to Lynda's Boutique. The plaintiff's original petition was filed on May 6, 1999,
and an amended petition was filed on February 10, 2000. The docket sheet included in the record
filed with this Court reflects that a scheduling conference was set for March 6, 2000, and when
counsel for Lynda's Boutique failed to appear, the case was dismissed for want of prosecution. The
dismissal order was signed on March 10, 2000.

 Lynda's Boutique claims it did not get notice of the hearing on the dismissal, nor
notice of the order dismissing the case. Consequently, Lynda's Boutique did not discover that the
case had been dismissed until July 5, 2000, after the deadline to file a motion to reinstate had lapsed. 
See Tex. R. Civ. P. 165a(3) (motion to reinstate must be filed within thirty days after trial court signs
dismissal order), 306a(4) (if party does not receive notice or actual knowledge within twenty days
of signing of order, time periods begin to run on date that party receives notice or actual knowledge,
but in no event shall periods begin more than ninety days after order is signed).


DISCUSSION

 A party pursuing a restricted appeal must satisfy four elements: (1) notice of the
restricted appeal must be filed within six months after the judgment is signed; (2) by a party to the
lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of and
did not file a timely postjudgment motion or request for findings of fact and conclusions of law; and
(4) error must be apparent on the face of the record. Tex. R. App. P. 26.1(c), 30; Barker CATV
Constr., Inc. v. Ampro, Inc., 989 S.W.2d 789, 791 (Tex. App.--Houston [1st Dist.] 1999, no pet.). 
Here the only element contested by the parties is whether error is apparent on the face of the record.

 A trial court may dismiss a case pursuant to either its inherent power or Texas Rule
of Civil Procedure 165a. (1) Tex. R. Civ. P. 165a; (2) Villarreal v. San Antonio Truck & Equip., 994
S.W.2d 628, 630 (Tex. 1999) (acknowledging that trial court has inherent power to dismiss if
plaintiff fails to prosecute case with due diligence). Before a trial court may dismiss a case under
either the rule or its inherent authority, it must provide the plaintiff with notice and an opportunity
to be heard. Tex. R. Civ. P. 165a(1); Villarreal, 994 S.W.2d at 631. Failure to provide adequate
notice of the court's intention to dismiss for want of prosecution requires reversal. Villarreal, 994
S.W.2d at 631. Both the rule and common law require the trial court to hold a hearing at which the
opportunity for a personal appearance and oral presentation is afforded. Brown v. Brookshires
Grocery Store, 10 S.W.3d 351, 354 (Tex. App.--Dallas 1999, pet. denied) (holding context of rule
165a requires oral hearing); Callahan v. Staples, 161 S.W.2d 489, 491 (Tex. 1942) (holding
dismissal for lack of due diligence in prosecuting case is not effective until court has adjudicated
basic facts in hearing where plaintiff may explain delay in prosecuting suit). After the trial court
signs a dismissal order, the court clerk must immediately give notice to the parties or their attorneys
advising them of the dismissal. Tex. R. Civ. P. 306a(3).

 Lynda's Boutique asserts that the trial court failed to provide notice of its intent to
dismiss and failed to hold a hearing prior to dismissing the case. The trial court's docket sheet
contains the settings for hearings on various motions. It also includes notations indicating whether
a hearing took place and the outcome of the hearing. For example, the entry on August 23, 1999
reflects that the defendant's motion to compel and motion for sanctions were set to be considered
by the court on October 11, 1999 at 4:30 p.m. An entry dated October 11 indicates that the motion
to compel was vacated and both parties reached an agreement.

 According to this docket sheet, on January 18, 2000, a scheduling conference was set
for March 6, 2000 at 2:00 p.m. There is no indication on the docket sheet that the trial court
intended to simultaneously conduct a dismissal hearing. The next entry on the docket sheet indicates
that on March 6, the only event scheduled was a scheduling conference. A notation indicates the
plaintiff's attorney did not appear at this scheduling conference and the case was dismissed for lack
of prosecution. There is no indication that the trial court was also scheduled to conduct a dismissal
hearing.

 Alexander does not contend that the trial court's docket sheet is inaccurate or
incomplete. Rather, Alexander posits that because district clerks are not required to note on the
docket sheet the fact of mailing notice of scheduling conferences, there is no affirmative proof in the
record showing error. See General Elec. Co. v. Falcon Ridge Apartments, 811 S.W.2d 942, 943-44
(Tex. 1991) (holding that unless someone has duty to ensure fact is affirmatively shown in record,
absence of affirmative proof of that fact is insufficient to show error). He further argues that Lynda's
Boutique has failed to direct this Court to evidence in the record that "affirmatively shows that the
trial court failed to send notice of the scheduling conference to [Lynda's Boutique]" and that "there
is no affirmative evidence that [Lynda's Boutique] failed to receive [notice] of the dismissal
hearing." However, the applicable standard in a restricted appeal is whether error is apparent on the
face of the record, not whether there is evidence in the record affirmatively showing that the trial
court erred. Brown, 10 S.W.3d at 354. 

 Here, although the district clerk had no affirmative duty to record whether notice of
a dismissal hearing was sent to the parties or that a dismissal hearing was set and held, the record
is not completely silent. The docket sheet reflects that a scheduling conference was set for the day
that the trial court dismissed the case. Alexander does not argue that the notice advising of the
scheduling conference also advised of a dismissal hearing. Nor does Alexander assert that a
dismissal hearing was conducted in lieu of the scheduling conference. Rather, Alexander appears
to believe, and asks this Court to believe, that notice of a scheduling conference is equivalent to
notice of a dismissal hearing, sufficiently advising Lynda's Boutique of the trial court's intention to
conduct a dismissal hearing and dismiss the case. Moreover, Alexander implies that a scheduling
conference, in which counsel for Lynda's Boutique failed to appear, is tantamount to a dismissal
hearing. We disagree. Our review of the record indicates that if notice was sent to the parties, it was
notice of the scheduling conference, and notice of a scheduling conference is not equivalent to notice
of the date and place of a dismissal hearing nor of the trial court's intent to dismiss. As reflected in
the record, the sole purpose of the hearing set for March 6 was to conduct a scheduling conference,
not to consider dismissal for want of prosecution. We thus conclude that the trial court did not
provide sufficient notice of its intent to dismiss, did not afford Lynda's Boutique an opportunity to
be heard, and that this error is apparent on the face of the record. (3) 


CONCLUSION

 We sustain appellant's issue presented and reverse and remand the cause to the trial
court with instructions to reinstate the case.

 


 
 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Reversed and Remanded

Filed: July 26, 2001

Do Not Publish

1. The trial court order does not state whether the trial court acted pursuant to its inherent power
to dismiss for lack of due diligence in prosecuting a case or whether it dismissed under rule 165a for
failure to appear at a hearing. According to the docket sheet, however, it appears that discovery in
this case was ongoing; there is no indication that Lynda's Boutique had failed to diligently prosecute
its case. Thus, the dismissal was likely a result of Lynda's Boutique's failure to appear at the
scheduling conference. In any event, the trial court is required to provide notice and an opportunity
to be heard prior to dismissing a case under either the rule or the common law. Tex. R. Civ. P. 165a;
Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 631 (Tex. 1999).
2. Rule 165a provides in part:


 A case may be dismissed for want of prosecution on failure of any party seeking
affirmative relief to appear for any hearing or trial of which the party had notice. 
Notice of the court's intention to dismiss and the date and place of the dismissal
hearing shall be sent by the clerk to each attorney of record, and to each party not
represented by an attorney . . . . At the dismissal hearing, the court shall dismiss for
want of prosecution unless there is good cause for the case to be maintained on the
docket. . . . Notice of the signing of the order of dismissal shall be given as provided
in Rule 306a.


Tex. R. Civ. P. 165a.
3. Because we conclude that the trial court failed to provide notice of its intent to dismiss or to
conduct a dismissal hearing, we need not consider whether it is apparent on the face of the record
that the trial court also failed to provide notice of its signing of the dismissal order. See Villarreal,
994 S.W.2d at 631 (holding failure to provide adequate notice of court's intent to dismiss requires
reversal).


r does not argue that the notice advising of the
scheduling conference also advised of a dismissal hearing. Nor does Alexander assert that a
dismissal hearing was conducted in lieu of the scheduling conference. Rather, Alexander appears
to believe, and asks this Court to believe, that notice of a scheduling conference is equivalent to
notice of a dismissal hearing, sufficiently advising Lynda's Boutique of the trial court's intention to
conduct a dismissal hearing and dismiss the case. Moreover, Alexander implies that a scheduling
conference, in which counsel for Lynda's Boutique failed to appear, is tantamount to a dismissal
hearing. We disagree. Our review of the record indicates that if notice was sent to the parties, it was
notice of the scheduling conference, an