**LYNDA'S BOUTIQUE, Appellant,**

v.

**George ALEXANDER d/b/a Zentner's Daughter Steakhouse, Appellee.**

No. 03-00-00498-CV.

Court of Appeals of Texas, Austin.

Oct. 11, 2001.

Rehearing Overruled Nov. 8, 2001.

Russell J. Bowman, Scott, Bowman & Stella, Dallas, for appellant.

Michael P. Young, Leonard W. Woods, Jr., Davis & Wilkerson, P.C., Austin, Larry W. Bale, Davis, Hay, Wittenburg, Davis & Caldwell, L.L.P., San Angelo, for appellee.

Before Justices KIDD, B.A. SMITH and PURYEAR.

MACK KIDD, Justice.

After our original opinion was delivered reversing the trial court's judgment, George Alexander d/b/a Zentner's Daughter Steakhouse moved to supplement the record and moved for a rehearing. The motion to supplement the record was granted. We have now considered the record as supplemented, withdraw our original opinion and judgment issued July 26, 2001, and substitute the following opinion.

Appellant Lynda's Boutique filed this restricted appeal, challenging a trial court order that dismissed its claim against appellee George Alexander d/b/a Zentner's Daughter Steakhouse ("Alexander") for want of prosecution. *See* Tex.R.App. P. 30. By one issue, appellant contends it did not get notice of the trial court's intent to dismiss the suit; the trial court did not hold a hearing on the dismissal; and appellant did not receive notice of the dismissal order. We will reverse the order of dismissal and remand the cause to the trial court.

## BACKGROUND

Lynda's Boutique, which is located adjacent to Alexander's place of business in San Angelo, sued Alexander for negligence and gross negligence following a fire at Alexander's that resulted in damage to Lynda's Boutique. The plaintiff's original petition was filed on May 6, 1999, and an amended petition was filed on February 10, 2000. On January 18, 2000, the trial court signed an "Order Setting Scheduling Conference" (the "order"), informing the parties that a scheduling conference was set for March 6, 2000 and warning them that "[f]ailure to appear without excuse will result in dismissal of the case for want of prosecution or entering sanctions or other orders as the Court deems appropri-

ate." The docket sheet included in the record filed with this Court reflects that counsel for Lynda's Boutique failed to appear at this scheduling conference, and the case was subsequently dismissed for want of prosecution. The dismissal order was signed on March 10, 2000.

Lynda's Boutique claims it did not get notice of the hearing on the dismissal, nor notice of the order dismissing the case. Consequently, Lynda's Boutique did not discover that the case had been dismissed until July 5, 2000, after the deadline to file a motion to reinstate had lapsed. *See* Tex.R. Civ. P. 165a(3) (motion to reinstate must be filed within thirty days after trial court signs dismissal order), 306a(4) (if party does not receive notice or actual knowledge within twenty days of signing of order, time periods begin to run on date that party receives notice or actual knowledge, but in no event shall periods begin more than ninety days after order is signed). Lynda's Boutique now seeks to reverse the trial court's dismissal of its case through this restricted appeal.

## DISCUSSION

■ A party pursuing a restricted appeal must satisfy four elements: (1) notice of the restricted appeal must be filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of and did not file a timely postjudgment motion or request for findings of fact and conclusions of law; and (4) error must be apparent on the face of the record. Tex.R.App. P. 26.1(c), 30; *Barker CATV Constr., Inc. v. Ampro, Inc.,* 989 S.W.2d 789, 791 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Here the only element contested by the parties is whether error is apparent on the face of the record.

■ A trial court may dismiss a case pursuant to either its inherent power or Texas Rule of Civil Procedure 165a.[1] Tex.R. Civ. P. 165a;[2] *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999) (acknowledging that trial court has inherent power to dismiss if plaintiff fails to prosecute case with due diligence). However, before a trial court may dismiss a case under either the rule or its inherent authority, it must provide the plaintiff with notice and an opportunity to be heard. Tex.R. Civ. P. 165a(1); *Villarreal,* 994 S.W.2d at 630. Failure to provide adequate notice of the court's intention to dismiss for want of prosecution

---

1. The trial court order does not state whether the trial court acted pursuant to its inherent power to dismiss for lack of due diligence in prosecuting a case or whether it dismissed under rule 165a for failure to appear at a hearing. According to the docket sheet, however, it appears that discovery in this case was ongoing; there is no indication that Lynda's Boutique had failed to diligently prosecute its case. Thus, the dismissal was likely a result of Lynda's Boutique's failure to appear at the scheduling conference. In any event, the trial court is required to provide notice and an opportunity to be heard prior to dismissing a case under either the rule or pursuant to its inherent power. Tex.R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999).

2. Rule 165a provides in part:

A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney.... At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket.... Notice of the signing of the order of dismissal shall be given as provided in Rule 306a.

Tex.R. Civ. P. 165a.

requires reversal. *Villarreal,* 994 S.W.2d at 630. Both the rule and common law require the trial court to hold a hearing at which the opportunity for a personal appearance and oral presentation is afforded. *Callahan v. Staples,* 139 Tex. 8, 161 S.W.2d 489, 491 (1942) (holding dismissal for lack of due diligence in prosecuting case is not effective until court has adjudicated basic facts in hearing where plaintiff may explain delay in prosecuting suit); *Brown v. Brookshires Grocery Store,* 10 S.W.3d 351, 354 (Tex.App.—Dallas 1999, pet. denied) (holding context of rule 165a requires oral hearing). After the trial court signs a dismissal order, the court clerk must immediately give notice to the parties or their attorneys advising them of the dismissal. Tex.R. Civ. P. 306a(3).

■ Lynda's Boutique asserts that the trial court failed to provide notice of its intent to dismiss and failed to hold a hearing prior to dismissing the case. Alexander counters that the order setting the scheduling conference sufficiently apprised the parties of the trial court's intent to dismiss the case for want of prosecution. We disagree.

Contrary to Alexander's assertions, the order does not provide notice of the trial court's intention to hold a dismissal hearing and dismiss the case. Rather, the order provides that failure to appear at the scheduling conference will result in one of three actions that *may* be taken by the trial court: (1) dismissal for want of prosecution, (2) sanctions, or (3) other orders deemed appropriate by the court. Although one of the *possible* sanctions listed in the order is dismissal for want of prosecution, it is unclear whether dismissal will automatically result without the benefit of a hearing, or even whether dismissal is certain. The order merely provides notice of several possible sanctions that may be assessed against a party for failing to attend the scheduling conference. It does not, however, provide notice of the date and location of a dismissal hearing, where a party may be provided an opportunity to explain his failure to appear for the scheduling conference. We therefore hold that the order does not comply with rule 165a's requirements and that this is apparent from the face of the record.[3]

In response to Lynda's Boutique's contention that the trial court failed to hold a dismissal hearing, Alexander directs this Court to *General Electric Co. v. Falcon Ridge Apartments,* 811 S.W.2d 942 (Tex. 1991). Alexander argues that because district clerks are not required to record on the docket sheet the fact that the trial court conducted a dismissal hearing, the absence of such proof from the record is insufficient to establish error on the face of the record. In *General Electric,* the supreme court was presented with the issue of whether the absence from the record of proof of notice of the trial court's intent to dismiss or of notice of the dismissal order constitutes error on the face of the record. *Id.* at 942. Falcon Ridge, the plaintiff in the trial court, asserted that it failed to receive notice of the trial court's intent to dismiss for want of prosecution or notice of the dismissal order. *Id.* at 943. The record before the supreme court included a docket sheet with no notations indicating whether a notice of dismissal hearing or dismissal order had been sent to the parties.[4] *Id.* at 942. In affirming the trial

---

**3.** Alexander does not contend that the record provided to this Court is missing any relevant documents, such as notice of the date and place of the dismissal hearing. In fact, Alexander filed a supplemental record that included the order setting the scheduling conference, arguing that it satisfied the notice requirements imposed by rule 165a.

**4.** Falcon Ridge also attempted to include in the appellate record affidavits from the dis-

court's order of dismissal, the supreme court held that the rules of civil procedure do not impose an affirmative duty on the district clerk to record the fact of its mailing notice to the parties; thus, the absence of a notation on the docket sheet indicating that notice had been sent to the parties could not establish error. *Id.* at 943–44. The supreme court, however, did not consider whether the record evidenced the trial court's failure to hold a dismissal hearing, as that issue was not before the court.

The Dallas court of appeals has squarely addressed the issue of whether failure to conduct a dismissal hearing was apparent on the face of the record. *Brown,* 10 S.W.3d at 352, 354. Distinguishing the facts in *General Electric,* the Dallas court concluded that the record before it was not entirely silent. *Id.* at 354. Instead, the court looked at the notice sent to the parties indicating the trial court's intent to dismiss along with the dismissal order. *Id.* The notice clearly contemplated no dismissal hearing would be held. *Id.* ("[The notice] merely states the cause 'will be dismissed' if certain conditions are not met."). And there was no indication in the dismissal order that a hearing had been held. *Id.* Finally, the appellants affirmatively represented in their briefs that no hearing was held, and the appellees did not dispute the assertion. *Id.* at 354–55. Thus, the Dallas court concluded that error was apparent on the face of the record and that the order of dismissal must be reversed due to the trial court's failure to comply with rule 165a. *Id.*

■ Similarly, the record presented to this Court indicates that a hearing was not held prior to the trial court's dismissal of the cause. First, the order setting the scheduling conference suggests that the trial court may dismiss the cause for want of prosecution as a sanction for failing to appear at the scheduling conference. Nowhere in the order, however, does it state that a hearing will be held prior to the imposition of the sanction of dismissal.

Furthermore, the trial court's docket sheet contains the settings for hearings on various motions. It also includes notations indicating whether a hearing took place and the outcome of the hearing. According to this docket sheet, on January 18, 2000, a scheduling conference was set for March 6, 2000 at 2:00 p.m. There is no indication on the docket sheet that the trial court simultaneously intended to conduct a dismissal hearing. The next entry on the docket sheet indicates that on March 6, a scheduling conference was held. A handwritten notation states that the plaintiff's attorney did not appear at this scheduling conference and the case was dismissed for lack of prosecution.

It is clear from this notation on the docket sheet that the sole purpose of the hearing set for March 6 was to conduct a scheduling conference, that the case was dismissed for want of prosecution as a direct result of counsel's failure to appear at the scheduling conference, and that the trial court did not first conduct a noticed dismissal hearing. We thus conclude that the trial court did not provide sufficient notice of its intent to dismiss, did not afford Lynda's Boutique an opportunity to be heard, and that this error is apparent on the face of the record.[5]

trict clerk and its counsel averring that no notice was provided to Falcon Ridge. *General Elec. Co. v. Falcon Ridge Apartments,* 811 S.W.2d 942, 943 (Tex.1991). The supreme court held that it could not consider the affi-

davits because they had not been presented to the trial court. *Id.* at 944.

**5.** Because we conclude that the trial court failed to provide notice of its intent to dismiss

## CONCLUSION

Our review of the record indicates that the order setting a scheduling conference did not sufficiently apprise the parties of the date and location of a dismissal hearing and thus, did not comply with the prerequisites to dismissal for want of prosecution imposed by rule 165a. We conclude that no dismissal hearing was conducted by the trial court before it dismissed the cause for want of prosecution. Finally, we hold that these errors are apparent on the face of the record. We therefore sustain appellant's sole issue and reverse and remand the cause to the trial court with instructions to reinstate the case.

or to conduct a dismissal hearing, we need not consider whether it is apparent on the face of the record that the trial court also failed to provide notice of its signing of the dismissal order. *See Villarreal,* 994 S.W.2d at 630 (holding failure to provide adequate notice of court's intent to dismiss requires reversal).