*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-09-00061-CV

Anastacia **LOPEZ**, Armin Lopez, and Martha Lopez,
Appellants

v.

Ernesto **SOLIS** and H.L. Zumwalt, Inc.,
Appellees

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 07-12-00119-CVL
Honorable Donna S. Rayes, Judge Presiding

Opinion by:  Steven C. Hilbig, Justice

Sitting:  Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: November 4, 2009

REVERSED AND REMANDED

Anastacia, Armin, and Martha Lopez ("the Lopezes") appeal a judgment dismissing their

case for want of prosecution. We reverse the trial court's judgment and remand for further

proceedings.

**BACKGROUND**

The Lopezes filed suit against Ernesto Solis on December 6, 2007. Solis answered on December 27, 2007. The trial court subsequently sent an undated notice to the parties that provided:

NOTICE OF DISPOSITION DEADLINE

To All Counsel and Pro Se Parties:

    Please be advised that the disposition deadline for this case is <u>AUGUST 14, 2008 AT 9:00 A.M.</u> If you have not set and had this matter heard before the disposition deadline this case will be DISMISSED FOR WANT OF PROSECUTION on that date without further notice. Hearing dates may be obtained from the Court Coordinator's Office.

    If you have any questions regarding this notice, please contact the court coordinator(s) Cyndia Maxwell or De'Ann Belicek, at (830) 769-3750. Thank you for your prompt attention to this matter.

The notice was signed by the trial judge.

The Lopezes joined H.L. Zumwalt, Inc. ("Zumwalt") as a party in June, 2008. Zumwalt answered on June 27, 2008. On August 6, 2008, the Lopezes filed a motion to set the case for jury trial and to retain the case on the docket. This motion was not set for hearing. The trial court signed the order of dismissal on August 14, 2008, without a hearing. The Lopezes did not receive notice of the judgment until December 18, 2008. They filed a notice of restricted appeal on February 3, 2009.

**STANDARD OF REVIEW**

This is a restricted appeal from a dismissal for want of prosecution. To prevail, the Lopezes must establish: (1) they filed a notice of the restricted appeal within six months after the order of dismissal was signed; (2) they were parties to the underlying lawsuit; (3) they did not participate in the hearing that resulted in the dismissal order and did not timely file any post-judgment motions;

and (4) there is error apparent on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The face of the record includes all papers on file and a reporter's record if one exists. *Norman Commc'ns v. Tex. Eastman Co*., 955 S.W.2d 269, 270 (Tex. 1997).

## DISCUSSION

The first three elements of this restricted appeal are met. The only question remaining, therefore, is whether it is apparent on the face of the record that the trial court committed error in dismissing the Lopezes' lawsuit.

A trial court has the authority to dismiss a case for want of prosecution pursuant to rule 165a for "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within the time standards promulgated by the Supreme Court...." TEX. R. CIV. P. 165a.[1] Additionally, the trial court is vested with the inherent power to manage its own docket and dismiss cases independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. *See Villarreal v. San Antonio Truck & Equip*., 994 S.W.2d 628, 630 (Tex. 1999).

The trial court is required to provide notice and conduct a hearing before dismissing a case under either rule 165a or its inherent power. *See Brown v. Brookshires Grocery Store*, 10 S.W.3d 351, 354 (Tex. 1999). The notice and hearing requirements are necessary to ensure the party whose case is subject to dismissal has received due process. *See Franklin v. Sherman Indep. Sch. Dist*., 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied).

Additionally, a notice of dismissal should advise the party of the basis for the potential dismissal. *See Boulden v. Boulden*, 133 S.W.3d 884, 886 (Tex. App.—Dallas 2004, no pet.). "Notice

---

[1] The Supreme Court Administrative time standards provide all civil jury cases should be brought to trial or final disposition within eighteen months from the date of appearance and civil non-jury cases within twelve months. TEX. R. JUD. ADMIN. 6.

that the court is considering dismissal under rule 165a does not constitute adequate notice that the court may exercise its inherent authority to dismiss the case for want of prosecution." *Id.*; *see also Lopez v. Harding*, 68 S.W.3d 78, 79-80 (Tex. App.— Dallas 2001, no pet.) (court erred in dismissing under inherent authority when notice referred only to rule 165a).

A plain reading of the Notice of Disposition informs the parties only of a dismissal if the case was not disposed of by August 14, 2008. It does not set a time, place and date for a dismissal hearing. Furthermore, the Notice of Disposition was silent on whether the case would be dismissed pursuant to rule 165a or the trial court's inherent power. The trial court dismissed the case without proper notice and a hearing.

## CONCLUSION

It is apparent from the face of the record the trial court erred in dismissing the Lopezes' lawsuit. The trial court's judgment is reversed and the cause is remanded for further proceedings.


Steven C. Hilbig, Justice