**REVERSE AND REMAND and Opinion Filed December 6, 2024.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-24-00012-CV**
_____

**NOHITHA PARIMI AND AMARENDA TELLA, Appellants**
**V.**
**KELECHI SAM OLIVER, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-06894-2022**

# MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Kennedy
Opinion by Justice Kennedy

Appellants Nohitha Parimi and Amarenda Tella bring this restricted appeal seeking to set aside dismissal of their personal injury suit against appellee Kelechi Sam Oliver for want of prosecution. A restricted appeal requires error that is apparent on the face of the record; error that is merely inferred will not suffice. Appellants contend error is apparent on the face of the record because the notices of dismissal for want of prosecution and the dismissal order were mailed to their attorney with an improper zip code. We conclude error is apparent on the face of the record before us. Accordingly, we reverse the trial court's order dismissing

appellants' suit and remand the case for further proceedings. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellants and appellee were involved in a motor vehicle accident on January 1, 2021. On December 27, 2022, appellants, represented by counsel, filed suit against appellee seeking damages for injuries they allegedly sustained as a result of the accident. The petition listed the address for appellant's attorney as 5700 Tennyson Parkway Suite 300, Plano, TX 75024.

On February 28, 2023, the trial court issued a notice that the case would be dismissed for want of prosecution (DWOP) on April 6 unless the case was disposed of or the parties filed a scheduling order. The notice was addressed to appellants' attorney at 5700 Tennyson Parkway Suite 300, Plano, TX 75025. Although it appears no action was taken by the parties by the deadline provided in the notice, the case was not dismissed on April 6.

On July 17, 2023, the trial court sent a second DWOP notice stating the case would be dismissed for want of prosecution on August 25 unless the parties took the steps set forth in the notice. Again, the notice was addressed to appellants' attorney with a zip code of 75025. It appears no action was taken by the parties by the deadline provided in the notice and, on August 25, the trial court signed an order dismissing the case for want of prosecution. The docket sheet indicates that the Order of Dismissal was "Mailed or Faxed or Emailed" on September 1, 2023. The

–2–

Order of Dismissal and the envelopes addressed to the parties' attorneys were scanned and included in the clerk's record in this case on September 1. The envelope addressed to appellants' attorney containing the Order of Dismissal was postmarked September 5. That envelope was addressed to appellants' attorney at the same address identified on the DWOP notices. That mailing was returned to the trial court on September 25 marked, "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD" and scanned and included in the clerk's record on October 3. On January 3, 2024, appellants filed their Notice of Restricted Appeal.

**DISCUSSION**

## I. Restricted Appeal – Jurisdictional Requirements

Four elements must be satisfied to succeed on a restricted appeal: (1) a notice of restricted appeal must be filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of and did not file a timely post-judgment motion or request for findings of fact and conclusions of law; and (4) error must be apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam). The fourth requirement derives from case law and is not included within the requirements of Rules 26.1(c) and 30. *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991). The first three requirements are jurisdictional, the fourth is not. *Ex parte*

*E.H.*, 602 S.W.3d 486, 497 (Tex. 2020).

The record shows appellants, parties to the suit, filed a notice of restricted appeal approximately four months after the suit was dismissed; the notice of restricted appeal met the requirements of Rule 30 of the Texas Rules of Appellate Procedure; and appellants did not participate in the dismissal hearing and did not file any timely post-judgment motion or request for findings of fact and conclusions of law. Accordingly, the jurisdictional requirements of a restricted appeal have been satisfied; the question before us is whether error is apparent on the face of the record.

## II.     Error Apparent on the Face of the Record

For purposes of a restricted appeal, the "face of the record" consists of the reporter's record and all the papers on file in the clerk's record at the time the judgment or order was signed. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Lytle v. Cunningham*, 261 S.W.3d 837, 839 (Tex. App.—Dallas 2008, no pet.). Error is apparent from the face of the record when extrinsic evidence is not necessary to determine that an error was made; in other words, the error is apparent upon review of only what is contained within the lower court's record.[1]  *See Zarosky v. State*, No. 03-03-00116-CV, 2004 WL

---

[1] Appellants attach an appendix to their appellate brief that includes (1) the affidavit of their attorney stating she did not receive the notices of dismissal for want of prosecution or the dismissal order, (2) email communications with the court coordinator discussing the mailing of the dismissal notices and dismissal order and the return on the dismissal order mailing, and (3) email exchanges concerning the scheduling of depositions. These documents are not contained within the lower court's records. This Court may not consider documents in an appendix that are not in the appellate record. TEX. R. APP. P. 34.1; *Ginn v. Forrester*, 282 S.W.3d 430, 432–33 (Tex. 2009). Accordingly, we will not consider the documents appellants append to their brief in resolving this restricted appeal.

–4–

1114539, at \*2 (Tex. App.—Austin May 20, 2004, no pet.) (mem. op.).

When extrinsic evidence is necessary to challenge a trial court's judgment, it should be presented in a motion for new trial or a bill of review. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Affidavits filed for the first time in the court of appeals averring that notice was not given or received cannot support a restricted appeal. *Ginn v. Forrester*, 282 S.W.3d 430, 432–33 (Tex. 2009). In addition, error that is merely inferred will not suffice. *Id.* at 431.

An appellant who alleges error apparent on the face of the record due to lack of notice carries a heavy burden, because the record is usually barren of affirmative proof of the error claimed. *Langdale v. Villamil*, 813 S.W.2d 187, 189 (Tex. App.— Houston [14th Dist.] 1991, no writ). Unless a procedural rule specifically imposes a duty on a party or the district clerk to ensure the record affirmatively shows notice was given, absence of such affirmative proof will not establish error. *See Brown v. Brookshires Grocery Store*, 10 S.W.3d 351, 354 (Tex. App.—Dallas, 1999, pet. denied) (citing *Falcon Ridge*, 811 S.W.2d at 943–44).

## III. Notice of Dismissal for Want of Prosecution

As applicable to the current case, before a lawsuit may be dismissed for want of prosecution, a notice of the court's intention to dismiss and the date and place of the dismissal hearing must be sent by the clerk of the court to each attorney of record at the address shown on the docket or in the papers on file with the court, by posting

same in the United States Postal Service. TEX. R. CIV. P. 165a(1).[2]

Appellants urge that error is apparent on the face of the record because the record shows that the court clerk used the wrong zip code in mailing the notices of the dismissal hearing to appellants' attorney.

While the clerk must mail a notice containing the date and place of hearing at which the court intends to dismiss the case, the clerk has no affirmative duty to record the mailing of the required notice. *Ginn*, 282 S.W.3d at 431, 433. Accordingly, the absence of proof in the record that the notice was provided does not establish error on the face of the record. *Id.* at 433. As to what does constitute error on the face of the record, silence is not enough. *Id.*

Here, the record contains dismissal notices dated February 28, 2023, and July 17, 2023, that are addressed to appellants' attorney at 5700 Tennyson Parkway Suite 300, Plano, TX 75025. But the record does not include copies of the envelopes that contained the notices and there is no indication in the record as to how the notices were actually mailed. Nor does the record reflect that the notices were returned to the court as undeliverable. *C.f. GMAC v. Fleetwood Enterprises, Inc.*, No. 10-08-00055-CV, 2009 WL 754693, at *1 (Tex. App.—Waco Mar. 18, 2009, no pet.) (mem. op.) (concluding error was apparent on the face of the record where the

---

[2] Effective September 8, 2023, the notice must be sent by the clerk to the parties as provided in Rule 21(f)(10), which provides for electronic service through the electronic filing service provider certified by the Office of Court Administration, except when the document is sealed or when access is otherwise restricted by law or court order or when an unrepresented party has not provided an e-mail address. TEX. R. CIV. P. 165a(1).

pleadings listed the correct address, the record showed the notice was mailed to the incorrect address and returned as undeliverable).

In order to find error on the face of the record with respect to the notices of dismissal for want of prosecution, we would have to infer that the clerk mailed the notices to appellants' attorney at an address containing a zip code of 75025 instead of 75024. Error that is merely inferred will not suffice. *Ginn*, 282 S.W.3d at 431. Moreover, "[b]y its very nature, a zip code is more of an aid to the post office than a part of an address." *Circle Ridge Prod., Inc. v. Kittrell Family Min., LLC*, No. 06-13-00009-CV, 2013 WL 3781367, at *4 (Tex. App.—Texarkana July 17, 2013, pet. denied) (mem. op.). Thus, without more, we cannot in the first instance conclude that an inclusion of a minor variation in the zip code caused the notices to be improperly addressed.

Because error on the face of the record is not shown through silence or inference, and because we cannot consider the extrinsic evidence appellants present with their appellate brief, appellants have failed to establish error on the face of the record with respect to the notices of dismissal for want of prosecution.

## IV. Order of Dismissal

Appellants also urge error is apparent on the face of the record with respect to notice of the order dismissing the case. As applicable here, when the court signs an order of dismissal, the clerk of the court is required to give immediate notice to the parties electronically *or* by first-class mail advising that the judgment or order was

signed. TEX. R. CIV. P. 306a(3). Effective September 8, 2023, with limited exceptions, copies of the dismissal judgment or order must be sent to the parties electronically.[3] Failure to give the mandatory notice is also a violation of the litigant's due process rights and constitutes error on the face of the record. *See Smith v. Shipp*, No. 05-09-01204-CV, 2010 WL 2653733, at *2 (Tex. App.—Dallas July 6, 2010, no pet.) (mem. op.) (where record showed 306a(3) dismissal notice was returned as undeliverable, failure to given notice was a violation of due process rights and constituted error on the face of the record).

Here, a docket entry on September 1, 2023, states that the Order of Dismissal was "Mailed or Faxed or Emailed." As commonly used, the term "or" means one or the other, not both. *See* MERRIAM-WEBSTER DICTIONARY, *or*, https://www.merriam-webster.com/dictionary/or (last visited Dec. 4, 2024) ("or" used as a function word to indicate an alternative).[4] The record before us includes copies of the order of dismissal along with the envelopes addressed to the parties in which the notice of dismissal was sent. Thus, the face of the record establishes that the mode of service of the notice of the Order of Dismissal was by mail, not fax or email. And, while

---

[3] *See* version of Rule 306a(3) effective September 8, 2023, providing, the clerk must immediately send the judgment or order to the parties as provided in Rule 21(f)(10), which provides for electronic service through the electronic fling service provider certified by the Office of Court Administration, except when the document is sealed or when access is otherwise restricted by law or court order or when an unrepresented party has not provided an e-mail address. TEX. R. CIV. P. 306a(3).

[4] We cite the Merriam-Webster Online Dictionary for a definition, not as the authoritative definition of any word or term but to inform a generally understood definition of the term or word. *See, e.g., City of Fort Worth v. Pridgen*, 653 S.W.3d 176, 183–84 (Tex. 2022).

email was a permissible means of service at the time the notice was provided, it was not yet mandated. *See* TEX. R. CIV. P. 306a(3) (version effective September 8, 2023). The copy of the dismissal order that was mailed to appellants' attorney was returned as undeliverable. Accordingly, the record establishes the required notice was not given.

We conclude error is apparent on the record with respect to the notice of dismissal of appellants' case. Accordingly, we sustain appellants' sole issue.

## CONCLUSION

We reverse the trial court's August 25, 2023 Order of Dismissal and remand the case for further proceedings.

/Nancy E. Kennedy/
NANCY KENNEDY
JUSTICE

240012f.p05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NOHITHA PARIMI AND
AMARENDA TELLA, Appellants

No. 05-24-00012-CV          V.

KELECHI SAM OLIVER, Appellee

On Appeal from the 429th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 429-06894-
2022.
Opinion delivered by Justice
Kennedy. Justices Pedersen, III and
Goldstein participating.

Based on the Court's opinion of this date, the trial court's August 25, 2023 Order of Dismissal is **REVERSED** and this cause is **REMANDED** to the trial court for further proceeding consistent with this opinion.

It is **ORDERED** that appellants NOHITHA PARIMI AND AMARENDA TELLA recover their costs of this appeal from appellee KELECHI SAM OLIVER.

Judgment entered this 6th day of December, 2024.