

# NUMBER 13-25-00637-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JOSE ESQUIVEL,                                                          Appellant,

v.

CITY OF SAN JUAN,                                                      Appellee.

---

## ON APPEAL FROM THE 398TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Silva**

This is a restricted appeal from a judgment granting a plea to the jurisdiction and motion for summary judgment in favor of appellee, the City of San Juan (City). Appellant Jose Esquivel sued the City for personal injuries he sustained in a motor vehicle accident with a City police officer. The City filed a combined plea to the jurisdiction and motion for summary judgment arguing that its sovereign immunity had not been waived. Esquivel's

sole issue is that the judgment should be set aside because he did not receive notice of the hearing. We affirm.

## I.     BACKGROUND

On October 3, 2024, Esquivel filed his original petition against the City alleging negligence by a San Juan Police Department (SJPD) Officer Rodrigo Angel Vidal in the operation of his vehicle, faulting him for a collision that occurred on February 27, 2023. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A). The petition was signed by attorneys Marion M. Reilly with a personal email address of Marion@mrtrial.com and a service email address of Service@mrtrial.com; and Mark A. Carrigan with a personal email address of mcarrigan@carriganlawgroup.com and a service email address of eservice@carriganlawgroup.com. On November 18, 2024, the City filed its combined special exceptions to Esquivel's petition and original answer generally denying Esquivel's claims. The City also asserted sovereign immunity and various affirmative defenses.

On January 8, 2025, Esquivel filed his first amended petition. The automatic certificate of electronic service regarding the first amended petition indicated several persons were electronically served, including the City's counsel and three people associated with Esquivel: Cait Salinas with a personal email address of Caitlin@mrtrial.com; "MARIAN REILLY [sic]" with a service email address of Service@mrtrial.com; and "SHIRLEY MRTRIAL [sic]" with a personal email address of Shirley@mrtrial.com. The certificate indicated that all the listed persons were successfully sent the first amended petition except for Marian Reilly, whose status reflected "ERROR."

On April 15, 2025, the City filed a combined plea to the jurisdiction and motion for summary judgment arguing that its immunity from suit was not waived under the Texas

2

Tort Claims Act, and, therefore, the trial court lacked subject-matter jurisdiction over Esquivel's claims. Specifically, the City argued that the emergency-response exception to the statutory waiver of immunity applied in this case because Officer Vidal was responding to an emergency call or in an emergency situation at the time of the accident. *See id.* § 101.055(2). The City supported its plea with the official crash report from SJPD; affidavits from SJPD Assistant Chief Jorge Moya, SJPD Officer Jose Chacon, SJPD Officer Carlos Sanchez, and Officer Vidal; and Esquivel's Department of Public Safety records. The automated certificate of electronic service pertaining to the City's combined motion reflected the following:

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Norma Diaz on behalf of Francisco Zabarte
Bar No. 22235300
norma@aguilarzabartellc.com
Envelope ID: 99726235
Filing Code Description: Motion (No Fee)
Filing Description: DEFENDANT CITY OF SAN JUAN'S PLEA TO THE JURISDICTION AND MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF
Status as of 4/16/2025 9:26 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Francisco J.Zabarte | | frank@aguilarzabartellc.com | 4/16/2025 9:21:28 AM | SENT |
| Norma Diaz | | norma@aguilarzabartellc.com | 4/16/2025 9:21:28 AM | SENT |
| Marion Reilly | | Marion@mrtrial.com | 4/16/2025 9:21:28 AM | SENT |
| John Martinez | | John@mrtrial.com | 4/16/2025 9:21:28 AM | SENT |
| Shirley Perez | | shirley@mrtrial.com | 4/16/2025 9:21:28 AM | SENT |
| Kyle Batson | | Kyle@mrtrial.com | 4/16/2025 9:21:28 AM | SENT |
| SHIRLEY MRTRIAL | | Shirley@mrtrial.com | 4/16/2025 9:21:28 AM | SENT |
| Ashlyn Turner | | ashlyn@mrtrial.com | 4/16/2025 9:21:28 AM | SENT |
| Michael Richardson | | Michael@mrtrial.com | 4/16/2025 9:21:28 AM | SENT |
| MARIAN REILLY | | Service@mrtrial.com | 4/16/2025 9:21:28 AM | ERROR |

On April 29, 2025, the trial court signed an order setting the City's plea to the jurisdiction for a hearing on June 3, 2025. The order itself indicates that it was sent to

Esquivel's counsel at service@mrtrial.com. No other information concerning service of notice of this hearing is in the record. Further, the record does not reflect Esquivel's counsel provided the trial court clerk with any updated email address. *See id.* § 30.015(d) (requiring parties to notify the clerk of the court with written notice if the party changes its address during the course of civil litigation).

At the June 3, 2025 hearing, City's counsel was present but Esquivel did not appear. The following exchanged occurred:

| | |
|---|---|
| [City's counsel]: | Your Honor, I have a contested case, but there's been no response on file, and I haven't heard from the attorney . . . . |
| | . . . . |
| THE COURT: | Who's opposing counsel? |
| [City's counsel]: | Marion Reilly of Corpus Christi. I've had the plea on file for a long time. . . . I've never heard a response from [Reilly], and I don't anticipate one, I guess. |
| THE COURT: | Have you even heard from them? Have you corresponded with [Reilly]? |
| [City's counsel]: | I did when we first started the case. |
| | . . . . |
| THE COURT: | All right. |
| [City's counsel]: | And there were two attorneys that were involved, and one dropped out of the case, because he understood the legal question. And then [Reilly] was left. And so, I told [Reilly] I was going to file something if I didn't hear from them, and nothing. So, I went ahead and filed my plea, and I still haven't heard from anybody. |
| THE COURT: | Okay. I've read your plea to the jurisdiction, and |

4

|  | your brief. I read it this morning. And this is going to be on C-4631-24-I, and I was looking for a response, and I did not find one, but— |
|---|---|
| [City's counsel]: | Yeah. I checked the docket last night, and had it printed out just to make double sure that[—] |
| THE COURT: | All right. So, your plea to the jurisdiction shall be granted. |

Following the hearing, the trial court signed its June 5, 2025 order granting the City's plea to the jurisdiction and motion for summary judgment and dismissed Esquivel's claims with prejudice. On November 21, 2025, Esquivel filed a notice of restricted appeal.

## II.   RESTRICTED APPEAL

To prevail on a restricted appeal, an appellant must demonstrate:

(1)   he filed notice of the restricted appeal within six months after the judgment was signed;

(2)   he was a party to the underlying lawsuit;

(3)   he did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and

(4)   error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (quoting *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam)); *see* TEX. R. APP. P. 30. "For these purposes, the 'face of the record' consists of all the papers that were before the trial court at the time it rendered judgment." *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (quoting *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 384 (Tex. App.—Austin 2010, pet. denied)). "Error is apparent from the face of the record when extrinsic evidence is not necessary to determine that an error was made; in other

words, the error is apparent upon review of only what is contained within the lower court's record." *Parimi v. Oliver*, No. 05-24-00012-CV, 2024 WL 5001914, at *2 (Tex. App.—Dallas Dec. 6, 2024, no pet.) (mem. op.).[1] In addition, "'error that is merely inferred [from the record] will not suffice.'" *Ex parte Vega*, 510 S.W.3d at 547 (alteration in original) (quoting *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam)).

Esquivel established the first three elements for a restricted appeal. *See Ex parte E.H.*, 602 S.W.3d at 495. Thus, the only remaining issue is whether Esquivel has demonstrated that any part of the error he complains of—namely, that the trial court failed to notify him of the hearing on the City's plea to the jurisdiction—is apparent from the face of the record. *See id.*; TEX. R. APP. P. 30.

### III.   NOTICE

Esquivel argues he did not participate in the hearing that resulted in the order granting the City's plea to the jurisdiction because the trial court failed to notify him of the setting for the City's plea to the jurisdiction, and that such error is apparent from the record. Having reviewed the record, we cannot agree. *See Ginn*, 282 S.W.3d at 432–33; *Ex parte Vega*, 510 S.W.3d at 547.

"An appellant who alleges error apparent on the face of the record due to lack of notice carries a heavy burden, because the record is usually barren of affirmative proof of the error claimed." *Parimi*, 2024 WL 5001914, at *2 (citing *Langdale v. Villamil*, 813 S.W.2d 187, 189 (Tex. App.—Houston [14th Dist.] 1991, no writ)). "Unless a procedural

---

[1] "When extrinsic evidence is necessary to challenge a trial court's judgment, it should be presented in a motion for new trial or a bill of review." *Parimi v. Oliver*, No. 05-24-00012-CV, 2024 WL 5001914, at *2 (Tex. App.—Dallas Dec. 6, 2024, no pet.) (mem. op.) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)).

rule specifically imposes a duty on a party or the district clerk to ensure the record affirmatively shows notice was given, absence of such affirmative proof will not establish error." *Id.* (citing *Brown v. Brookshires Grocery Store*, 10 S.W.3d 351, 354 (Tex. App.—Dallas, 1999, pet. denied)); *see also Ginn*, 282 S.W.3d at 433 (observing additionally that "rules do not impose upon the [trial court] clerk an affirmative duty to record the mailing of the required notices").

In his brief, Esquivel acknowledges that the clerk's record contains "no entries for the notice of hearing" on the City's plea to the jurisdiction, but also states that:

> Counsel for Esquivel requested copies of the notices from the e-file system that were to have been delivered to counsel for Esquivel, but the . . . notices were not delivered as part of the clerk's record. From them, it is apparent that on April 30, 2025, court staff entered a Notice of Hearing into the Texas e-file system. The system records indicate that the only email address used to deliver notice to Esquivel's counsel received an ERROR message.[2]

The trial court's case summary sheet that is included in the appellate record before us indicates notice was sent to Reilly on April 30 regarding the June 3 hearing. However, as acknowledged by Esquivel above, the appellate record before us does not contain the purported April 30 notice of hearing, nor any accompanying certificate of electronic service affirmatively showing Esquivel was not served with said notice. In addition, the record contains no motion by Esquivel requesting the trial court clerk to include the purported April 30 notice of hearing in the appellate record.

---

[2] Esquivel's brief also contains a screenshot of what appears to be a certificate of electronic service for the purported April 30, 2025 notice of hearing sent by the trial court clerk. The screenshot indicates an "ERROR" status regarding service to the email address Service@mrtrial.com. We do not consider this screenshot in resolving this restricted appeal because it is not part of the appellate record before us. *See Arbor E & T, LLC v. Lower Rio Grande Valley Workforce Dev. Bd., Inc.*, 476 S.W.3d 25, 29 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.) (noting "[a]n appellate court cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal").

Generally speaking, the appellant bears the ultimate burden to bring forth a record showing reversible error. *See Garcia v. Sasson*, 516 S.W.3d 585, 590 (Tex. App.—Houston [1st Dist.] 2017, no pet.). We are unable to determine from the face of the record whether notice was issued erroneously as Esquivel claims. The April 29 order setting hearing signed by the trial court indicates it was sent to Esquivel's service email address. In addition, the record is silent regarding whether Esquivel received the purported April 30 notice of hearing on the City's plea to the jurisdiction, and we may not infer error from a silent record. *See Ginn*, 282 S.W.3d at 433 ("As to what does constitute error on the face of the record, we have clearly said that silence is not enough."); *Ex parte Vega*, 510 S.W.3d at 547; *Parimi*, 2024 WL 5001914, at *2. Accordingly, we conclude that Esquivel has not established error apparent on the face of the record. *See Ex parte E.H.*, 602 S.W.3d at 495; *Garcia*, 516 S.W.3d at 590; Tex. R. App. P. 30. We overrule Esquivel's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
21st day of May, 2026.

8