GENERAL ELECTRIC COMPANY,
et al., Petitioners,

v.

FALCON RIDGE APARTMENTS, JOINT
VENTURE, Respondent.

No. D–0379.

Supreme Court of Texas.

June 19, 1991.

Gregg S. Weinberg, M. Karinne McCullough, Richard A. Sheehy, Robert H. Bateman, Marlene Armstrong, Houston, for petitioners.

Gary L. Wickert, Houston, for respondent.

OPINION

DOGGETT, Justice.

We consider whether in an appeal by writ of error the absence from the record of proof of notice of the trial court's dismissal constitutes error on the face of the record. The court of appeals reversed the dismissal by the trial court and remanded for further proceedings. 795 S.W.2d 21. Because lack of notice is not apparent from the face of the record and must be established by extrinsic evidence, we reverse the judgment of the court of appeals and affirm the trial court's dismissal.

The record provided by the parties to the court consists of the transcript that contains the written pleadings and motions filed in the trial court, the court's orders and the clerk's notations on the docket sheet of events in the cause. In its original petition filed in August 1984, Respondent Falcon Ridge Apartments sought recovery for substantial property damage resulting from a fire allegedly caused by a defective heating and air conditioning unit manufactured by General Electric. An amended petition filed in May 1985 added as plaintiffs four individual residents of the apartment complex. Although rulings on various motions between June 1985 and April 1986 are noted on the docket sheet, no further action is reflected in the transcript until February 1988, when the plaintiffs' attorney sought leave to withdraw as coun-

sel for the individual residents, which the trial court granted by four separate orders signed in late February and early March. Second and third amended petitions were filed on February 17, 1988 and April 18, 1988. The action was dismissed for want of prosecution by an order dated May 9, 1988. The transcript further shows that two months after the dismissal Falcon Ridge filed a notice of substitution of counsel.

On appeal by writ of error to the court of appeals, Falcon Ridge alleged that it received no notice of the trial court's intention to dismiss for want of prosecution, as required by Rule 165a, Texas Rules of Civil Procedure, or of the order of dismissal, as required by Rule 306a. To prove lack of notice, Falcon Ridge filed in the appellate court affidavits from both the district clerk and its counsel averring respectively that notice was neither given nor received, and that counsel for Falcon Ridge first learned of the dismissal order on October 4, 1988.

Based in part on these affidavits, the court of appeals reversed the dismissal and remanded to the trial court for reinstatement. We reverse.

■ A direct attack on a judgment by writ of error must: (1) be brought within six months after the judgment was signed, Tex.Civ.Prac. & Rem.Code Ann. § 51.013 (Vernon 1986); Tex.R.App.P. 45; (2) by a party to the suit, Tex.R.App.P. 45; (3) who did not participate in the actual trial, *id.;* (4) and the error complained of must be "apparent from the face of the record." *Brown v. McLennan County Children's Protective Servs.,* 627 S.W.2d 390, 392 (Tex.1982). Only the last of these requirements is at issue here.

■ Rule 165a, Texas Rules of Civil Procedure, which governs dismissals for want of prosecution, directs the district clerk to mail to counsel of record and to each party not represented by counsel a notice containing the date and place of the hearing at which the court intends to dismiss. A similar notice of the signing of the order of dismissal is also required. Tex.R.Civ.P. 165a, 306a. The rules do not, however, impose upon the clerk the duty to note on the docket sheet the fact of mailing such notices. Consequently, in cases dismissed for want of prosecution, the record is ordinarily silent as to whether or not the required notices were given.

There is thus nothing in the transcript before us that affirmatively indicates that notice was given, nor any notation to establish that notice was omitted. Falcon Ridge asserts that a determination, based on a silent record, that notice requirements were met would be an impermissible presumption in favor of the judgment, which is prohibited in a writ of error proceeding by *McKanna v. Edgar,* 388 S.W.2d 927, 929–30 (Tex.1965). That case, however, concerned only a refusal to presume *jurisdictional* facts unless affirmatively shown on the face of the record. Nor are the cases upon which the court of appeals relied persuasive. In each, although the record was silent as to notice, the procedural rules imposed a duty either on the parties or the district clerk to ensure that notice was affirmatively shown in the record. *LBL Oil Co. v. International Power Servs.,* 777 S.W.2d 390 (Tex.1989) (per curiam) (no certificate as to service of motion for default judgment as required by Tex.R.Civ.P. 21a); *Lopez v. Lopez,* 757 S.W.2d 721 (Tex.1988) (per curiam) (no certificate as to service of any motions, including trial setting request, as required by Rules 21a and 245); *Chow v. Dole,* 677 S.W.2d 220 (Tex.App.—Houston [1st Dist.] 1984, no writ) (failure to serve opposing party with certification for trial as required by Rule 21a); *Tramco Enters., Inc. v. Independent Am. Sav. Ass'n,* 739 S.W.2d 944 (Tex.App.—Fort Worth 1987, no writ) (failure to serve opposing party with motion for dismissal as required by Rule 21a); *see also Stubbs v. Stubbs,* 685 S.W.2d 643 (Tex.1985) (absence from record of statement of facts for statutorily re-

quired hearing).[1] The absence from the record of affirmative proof that notice of intent to dismiss or of the order of dismissal was provided does not establish error. To the extent that *State v. Rotello*, 497 S.W.2d 290 (Tex.1973) (per curiam), may be read to the contrary, it is overruled.

The rule has long been that evidence not before the trial court prior to final judgment may not be considered in a writ of error proceeding. *E.g., Brown v. McLennan County Children's Protective Servs.*, 627 S.W.2d 390, 392 (Tex.1982); *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710–11 (1961); *Palkovic v. Cox*, 792 S.W.2d 743, 745 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Tankard–Smith, Inc. General Contractors v. Thursby*, 663 S.W.2d 473, 476 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Our system is founded upon a belief that trial courts should first be given the opportunity to consider and weigh factual evidence. Permitting challenge to a judgment based on affidavits first filed in the appellate court undermines this judicial structure. The appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial, Tex.R.Civ.P. 320, or by bill of review filed in the trial court. *Grayson Fire Extinguisher Co. v. Jackson*, 566 S.W.2d 321, 322 (Tex.Civ. App.—Dallas 1978, writ ref'd n.r.e.); *see* Tex.R.Civ.P. 329b(f).

Falcon Ridge acknowledges that appeal by writ of error is not the exclusive method available to it of attacking the dismissal of its cause without proper notice.[2] It asserts, however, that the alternative procedure of bill of review is more burdensome than a challenge on appeal by writ of error. A party suffering an adverse judgment rendered without notice may not, consistent with concepts of due process, be hampered with undue burdens in attacking the judgment. *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 86, 108 S.Ct. 896, 899–900, 99 L.Ed.2d 75, 82 (1988).[3] Unlike the defaulted defendant in *Peralta*, however, Falcon Ridge has failed to demonstrate that no alternative remedy is available and that an undue burden has been imposed. *Id.* In the absence of such a showing, we are unwilling to encroach upon the traditional role of the trial court by permitting new evidence to be first tendered to the court of appeals.

We hold that no reversible error is evident on the face of the record when the transcript is silent as to notice of the trial court's intention to dismiss, as required by Rule 165a, Texas Rules of Civil Procedure, or of the order of dismissal, as required by Rule 306a. We reverse the judgment of the court of appeals and affirm the trial court's order of dismissal.

COOK, J., not sitting.

---

**1.** The Texas Trial Lawyers Association, as amicus, submits that the rules of civil procedure do not uniformly require notice to be shown on the face of the record. *Compare, e.g.,* Tex.R.Civ.P. 239a (clerk "to note fact of [mailing of notice of default judgment]" in the record) *with* Tex. R.Civ.P. 165a, 306a (no affirmative obligation to note fact of notice on the record). The Association asserts that these rules disparately favor defendants over plaintiffs because defendants may more easily prove error on the face of the record in an appeal by writ of error. We reject this argument which would require us to read into Rules 165a and 306a something that is not there—the obligation to note in the record the fact of mailing dismissal notices. Discrepancies in the rules concerning notice are best cured by amendment rather than by disturbing well-established limitations on the scope of writ of error review.

**2.** Falcon Ridge asserted that it could not attack the dismissal by bill of review so long as appeal by writ of error was available. This court having concluded that appeal is not available, there is no bar to Falcon Ridge seeking bill of review in the district court.

**3.** *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), eliminated the requirement of proving that a dismissed claim or defense has probable merit in a bill of review attacking a judgment rendered without proper notice.