TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00295-CV






Texas Workers' Compensation Insurance Fund, Appellant



v.



Roy Dale Leifester, Bill Eakin, and E. Wayne Bachus d/b/a E. Wayne Bachus &
Associates and/or d/b/a The Law Offices of E. Wayne Bachus, Appellees





FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 165,075-B, HONORABLE RICK MORRIS, JUDGE PRESIDING 







 Appellant Texas Workers' Compensation Insurance Fund brings a restricted appeal
challenging the trial court's dismissal of its suit for want of prosecution. We will affirm the trial
court's judgment of dismissal.

 This suit was instituted in the name of Beverly Davis to recover for injuries she
sustained while performing cleaning duties as an employee of a janitorial service. Appellees Roy
Dale Leifester and Bill Eakin were alleged to own the property on which Davis was injured;
appellee E. Wayne Bachus d/b/a E. Wayne Bachus & Associates and/or d/b/a The Law Offices
of E. Wayne Bachus was alleged to occupy the property. Having issued a workers' compensation
insurance policy to Davis' employer, the Fund claimed to be subrogated for any amounts Davis
received in the suit to the extent the Fund had paid Davis workers' compensation benefits. The
Fund subsequently intervened in the suit to pursue its interests in its own name. (1) Approximately
one year and a half after the suit was filed, the trial court signed an order dismissing the cause for
want of prosecution.

 In its sole point of error, the Fund contends that the court improperly dismissed the
cause without sending notice of intent to dismiss or notice of the order of dismissal. See Tex. R.
Civ. P. 165a(1). The trial court dismissed the cause pursuant to Texas Rule of Civil Procedure
165a, which authorizes a court to dismiss for want of prosecution on the failure of any party
seeking relief to appear for a hearing of which it had notice. Id. The clerk must send notice to
each attorney of record that the court intends to dismiss the cause and the date and place of the
dismissal hearing. Id. The clerk must also send notice of the court's signing of the dismissal
order. Id.; see also id. 306a(3).

 To pursue a restricted appeal, a party to the suit who did not participate in the
hearing that led to the judgment must file a notice of appeal within six months after the trial court
signs the judgment; further, the error complained of must be apparent on the face of the record. 
Tex. Civ. Prac. & Rem. Code Ann. § 51.013 (West 1997); Tex. R. App. P. 30; Norman
Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997). The Fund argues that
because the trial court failed to notify it of the dismissal hearing, it did not participate in the
hearing that led to the court's dismissal of the cause. Accepting the Fund as a party to the suit
that did not participate in the dispositive hearing and that timely filed its notice of appeal, we will
focus on whether the Fund has presented error apparent on the face of the record.

 The record shows that the court signed the judgment of dismissal on November 23,
1998. Claiming that it did not receive actual notice of the dismissal until March 12, 1999, the
Fund filed a verified motion to reinstate on March 23. The court heard the motion on April 9 and
ruled at the conclusion of the hearing that it lacked jurisdiction to consider the reinstatement
motion.

 Because the Fund claimed to have acquired notice of the judgment more than ninety
days after it was signed, it could not benefit from the rule allowing the date of notice to be
substituted for the date of signing as the start of the court's plenary power over its judgment. See
Tex. R. Civ. P. 306a(4) (court's plenary power shall not begin more than ninety days after
judgment was signed). The trial court's plenary power thus expired on December 23, 1998, thirty
days after the judgment was signed. Id. 329b(d). After that date, the court could not set aside
its judgment except by bill of review for sufficient cause. Id. 329b(f). The Fund having filed its
motion to reinstate after the trial court lost plenary power, the court correctly determined that it
lacked jurisdiction to consider the Fund's motion.

 The Fund nevertheless argues that evidence offered in support of its reinstatement
motion shows that the trial court failed to notify either it or Davis that the court intended to
dismiss the cause and failed to notify either of the judgment. Because the motion and hearing
occurred outside the court's plenary power, however, the court could not consider the Fund's
evidence. Estate of Howley v. Haberman, 878 S.W.2d 139, 140 (Tex. 1994). Neither can this
Court consider evidence in support of a restricted appeal that has not been properly presented to
the trial court. General Elec. Co. v. Falcon Ridge Apartments, Joint Venture, 811 S.W.2d 942,
944 (Tex. 1991). The court recited in the judgment of dismissal that the parties or their attorneys
had been notified more than fifteen days before the dismissal. Nothing within the record we can
consider impeaches this recital. Further, district clerks are not required to note on the docket
sheet the fact of mailing notice of the judgment. Id. at 943. The absence from the record of
affirmative proof that notice of the judgment of dismissal was sent does not establish error. Id.
at 944. The face of the record thus presents no error. When extrinsic evidence is necessary to
challenge a judgment, the remedy is either a motion for new trial or a bill of review filed in the
trial court. Id.

 Having failed to show error apparent on the face of the record, the Fund cannot
succeed in its restricted appeal. We accordingly overrule the Fund's point of error.

 We affirm the judgment of the trial court.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: January 13, 2000

Do Not Publish
1. Because the interests of Davis and the Fund in this suit are identical, we will discuss actions
taken by either in the trial court as if the Fund had taken them.



of the order of dismissal. See Tex. R.
Civ. P. 165a(1). The trial court dismissed the cause pursuant to Texas Rule of Civil Procedure
165a, which authorizes a court to dismiss for want of prosecution on the failure of any party
seeking relief to appear for a hearing of which it had notice. Id. The clerk must send notice to
each attorney of record that the court intends to dismiss the cause and the date and place of the
dismissal hearing. Id. The clerk must also send notice of the court's signing of the dismissal
order. Id.; see also id. 306a(3).

 To pursue a restricted appeal, a party to the suit who did not participate in the
hearing that led to the judgment must file a notice of appeal within six months after the trial court
signs the judgment; further, the error complained of must be apparent on the face of the record. 
Tex. Civ. Prac. & Rem. Code Ann. § 51.013 (West 1997); Tex. R. App. P. 30; Norman
Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997). The Fund argues that
because the trial court failed to notify it of the dismissal hearing, it did not participate in the
hearing that led to the court's dismissal of the cause. Accepting the Fund as a party to the suit
that did not participate in the dispositive hearing and that timely filed its notice of appeal, we will
focus on whether the Fund has presented error apparent on the face of the record.

 The record shows that the court signed the judgment of dismissal on November 23,
1998. Claiming that it did not receive actual notice of the dismissal until March 12, 1999, the
Fund filed a verified motion to reinstate on March 23. The court heard the motion on April 9 and
ruled at the conclusion of the hearing that it lacked jurisdiction to consider the reinstatement
motion.

 Because the Fund claimed to have acquired notice of the judgment more than ninety
days after it was signed, it could not benefit from the rule allowing the date of notice to be
substituted for the date of signing as the start of the court's plenary power over its judgment. See
Tex. R. Civ. P. 306a(4) (court's plenary power shal