Affirmed and Memorandum Opinion filed February 22, 2007








Affirmed
and Memorandum Opinion filed February 22, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00643-CV

____________

 

JAMES JENKINS, Appellant

 

v.

 

CHERYL BOWMAN, Appellee

 

 



 

On Appeal from the
151st District Court

Harris County, Texas

Trial Court Cause No.
05-49338

 



 

M E M O R A N D U M   O P I N I O N

On
August 1, 2005, appellant, an inmate incarcerated in the Institutional Division
of the Texas Department of Criminal Justice, filed suit against appellee for
breach of an agreement to return money he had loaned her.  On July 5, 2006, the
trial court dismissed the suit for want of prosecution.[1] 
Appellant filed a timely pro se notice of appeal.  We affirm.








In his
brief, appellant raises a single issue in which he argues that his oral
contract with appellee should be enforced.  We are unable to reach the merits
of appellant=s complaint because the case was dismissed before evidence was submitted
to the trier of fact.  Appellant has not challenged the propriety of the trial
court=s order dismissing his case.

A trial
court=s authority to dismiss for want of
prosecution stems from the express authority of rule 165a of the Texas Rules of
Civil Procedure as well as from the court=s inherent power.  Villarreal v.
San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999).  AA trial court may dismiss a civil
suit for want of prosecution when the plaintiff has failed to use reasonable
diligence to advance the case on the docket and move it to trial.@  Id.  A party must be
provided with notice and an opportunity to be heard before a court may dismiss
a case for want of prosecution under either Rule 165a or its inherent
authority.  See Tex. R. Civ. P. 165a(1)
(ANotice of the court=s intention to dismiss and the date
and place of the dismissal hearing shall be sent by the clerk to each attorney
of record, and to each party not represented by an attorney . . . .@); General Elec. Co. v. Falcon
Ridge Apartments, Joint Venture, 811 S.W.2d 942, 943 (Tex. 1991).  A trial
court=s order of dismissal is reviewed,
when challenged, for an abuse of discretion.  See Coleman v. Lynaugh,
934 S.W.2d 837, 838 (Tex. App.CHouston
[1st Dist.] 1996, no writ).








The
scant record before this court does not reflect that the defendant/appellee was
ever served with citation.  Further, the record fails to show that appellant
took any steps to advance the litigation between the filing of the petition and
the court=s dismissal order eleven months later.  Nothing in the trial court=s dismissal order or the remainder of
the record reflects that proper notice of the court=s intention to dismiss the case was
furnished to appellant.[2]  Appellant
has not asserted that he did not receive proper notice, however, so that issue
is not before this court.  See Pat Baker Co. v. Wilson, 971 S.W.2d 447,
450 (Tex. 1998) (holding that courts of appeals in civil cases cannot reverse a
trial court=s judgment based on unassigned error).  

In the
absence of a challenge to the propriety of the dismissal order, no error has
been presented for review.  Accordingly, we overrule appellant=s sole issue and affirm the judgment
of the trial court.

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed
February 22, 2007.

Panel consists of Chief Justice Hedges and Justices
Fowler and Edelman. 

 









[1]  The trial court=s
dismissal order was without prejudice to refiling.





[2]  The absence from the record of affirmative proof
that notice of intent to dismiss was provided does not establish error.  General
Electric, 811 S.W.2d at 944.