MEMORANDUM OPINION



No. 04-06-00802-CV



Doria GUTIERREZ,


Appellant



v.



Robert DRAHEIM, Sr.,


Appellee



From the 408th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CI-04842


Honorable John J. Specia, Jr., Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: September 12, 2007 


AFFIRMED

 Doria Gutierrez brings this restricted appeal challenging the entry of a post-answer default
judgment against her. Based on the record before us, we affirm the trial court's judgment.

Analysis

 A default judgment was entered on May 18, 2006 when Gutierrez and her attorney failed to
appear for trial. Gutierrez timely filed a notice of restricted appeal. See Tex. R. App. P. 26.1(c), 30. 
To obtain relief through a restricted appeal, Gutierrez must establish that: (1) she filed notice of
restricted appeal within six months after the judgment was signed; (2) she was a party to the
underlying suit; (3) she did not participate in the hearing that resulted in the judgment and did not
timely file any post-judgment motions or requests for findings of fact and conclusions of law; and
(4) error is apparent on the face of the record. Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848
(Tex. 2004). Here, the only issue is whether error is apparent on the face of the record. In resolving
a restricted appeal, the appellate court does not take testimony or receive evidence; its review is
limited to the face of the record, as in other appeals. Fidelity and Guar. Ins. Co. v. Drewery Const.
Co., Inc., 186 S.W.3d 571, 573 (Tex. 2006).

 Gutierrez complains on appeal that she did not "receive" notice of the May 18, 2006 trial
setting because her attorney of record, to whom the notice was sent, was "temporarily suspended"
from the practice of law at the time. However, there is nothing in the record to support this claim. 

The record shows that Gutierrez was personally served with citation on April 18, 2002, and filed an
answer through her attorney Robert F. Flanagan on May 10, 2002. Throughout the pendency of the
lawsuit, Gutierrez's attorney of record was Flanagan. (1) A notice of setting on the dismissal docket
issued by the district clerk on March 15, 2006, four years after suit was filed, lists Flanagan as an
attorney of record in the case. The record further reflects that, on March 17, 2006, counsel for
Draheim obtained a trial setting for May 18, 2006. A copy of a certified mail return receipt "green
card" signed by Flanagan on March 22, 2006, reflecting his receipt of the notice of the May 18, 2006
trial setting, is contained in the record. Indeed, in her reply brief, Gutierrez concedes that "[t]he
record clearly shows that Appellee served Bob Flanagan with the notice of trial setting on or about
March 17, 2006." When Flanagan and Gutierrez failed to appear at the May 18, 2006 trial setting,
the default judgment was entered against Gutierrez.

 Gutierrez alleges in her brief that the notice of the trial setting received by Flanagan was
ineffective under Tex. R. Civ. P. 21a because, based on appellate counsel's "information and belief,"
Flanagan was suspended from the practice of law at the time; however, there is nothing in the record
to support Gutierrez's assertion that Flanagan was suspended when he signed the certified mail green
card on March 22, 2006, or on the May 18, 2006 date of trial. Gutierrez has attached to her
appellant's brief two affidavits by her appellate counsel and a printout from the State Bar of Texas
website stating that Flanagan was suspended for several different periods of time; however, none of
the time periods include the relevant March 22, 2006 and May 18, 2006 dates. In addition, Gutierrez
has attached to her reply brief a certified letter dated March 28, 2007 from the Clerk of the Texas
Supreme Court stating that Robert Francis Flanagan was suspended from the active rolls of licensed
attorneys for non-compliance with Minimum Continuing Legal Education requirements on February
28, 2006 and was "reinstated retroactively from the date reinstatement was granted to the original
date of suspension" on March 21, 2006. Thus, even if we could consider this letter, the date on
which Flanagan signed the green card showing his receipt of the notice of trial setting, March 22,
2006, does not fall within the period of suspension listed in the letter. We may not, however,
consider the affidavits, State Bar printout, or Supreme Court Clerk's letter attached to Gutierrez's
briefs because they constitute extrinsic evidence which cannot be considered in a restricted appeal. 
Alexander, 134 S.W.3d at 848; General Elec. Co. v. Falcon Ridge Apartments, Joint Venture, 811
S.W.2d 942, 944 (Tex. 1991) (noting that if extrinsic evidence is necessary it should be presented
in a motion for new trial or a bill of review filed in the trial court). Evidence which was not before
the trial court prior to a final judgment, and which is filed for the first time in the appellate court,
may not be considered in a restricted appeal. Alexander, 134 S.W.3d at 848-49. Further, we decline
Gutierrez's invitation to take judicial notice of Flanagan's suspensions, even assuming they were
relevant to the dates at issue, as they do not fall within the scope of Tex. R. Evid. 201.

 Having concluded there is no evidence in the record before us that Flanagan was not a
licensed attorney, and the attorney of record for Gutierrez, at the time he undisputedly received
notice of the trial setting, (2) we overrule Gutierrez's issue and affirm the trial court's judgment.


 Phylis J. Speedlin, Justice



1. A "Motion for Substitution of Counsel" was filed on March 13, 2003 by attorney Albert W. Van Cleave, III,
on behalf of Gutierrez; however, the record shows the motion was not set for a hearing and was not ruled on - the
proposed order granting the substitution of counsel contained in the record is not signed by the trial judge.
2. In this opinion, we do not reach the issue of the effect of an attorney's suspension from the practice of law,
and the probation of such suspension, on his receipt of notice of a setting.