Motion for Rehearing Granted; Memorandum Opinion of July 26, 2007,
Withdrawn; Reversed and Remanded; Majority and Dissenting Opinions on Rehearing
filed January 10, 2008








Motion
for Rehearing Granted; Memorandum Opinion of July 26, 2007, Withdrawn; Reversed
and Remanded; Majority and Dissenting Opinions on Rehearing filed January 10,
2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00549-CV

____________

 

JEFF FORRESTER AND KIM FORRESTER, Appellants

 

V.

 

EMMANUEL GINN, A&R TRANSPORT,
INC., KEITH JACKSON, AND STEVE BRANTLEY, Appellees

 



 

On Appeal from the 333rd
District Court

Harris County, Texas

Trial Court Cause No. 2004-04581

 



 

D I S S E N T I N G   O P I N I O N   ON   R E H E A R I N G

I respectfully dissent from the
majority=s grant of
appellants= motion for rehearing.








Despite the language in our former opinion, the following
language from the Texas Supreme Court is  dispositive:  A>The absence from
the record of affirmative proof that notice of intent to dismiss or of the
order of dismissal was provided does not establish error.=@  Alexander v.
Lynda=s Boutique, 134 S.W.3d 845,
849 (Tex. 2004) (quoting Gen. Elec. Co. v. Falcon Ridge Apartments, Joint
Venture, 811 S.W.2d 942, 943B44 (Tex. 1991)
(refusing to consider, as proof of lack of notice, affidavits filed in the
appellate court Afrom both the district clerk and its
counsel averring respectively that notice was neither given nor received@)).[1] 
Because the clerk of the district court has no affirmative duty to make a
record showing whether it did or did not give the required notice,[2]
the absence of a such a record  is no more than silence:

[T]he fact that the record is
silent about the sending of notices under Rule 165a does not establish error on
the face of the record.  And mere silence as to whether notice was sent does
not establish that notice was not sent or that it was sent to the wrong address. 
Accordingly, when the record does not reflect whether notice was sent, that is
insufficient to establish reversible error in a restricted appeal proceeding.

Id. at 849B50.  

Under the precedent by which we are
bound, the materials presented do not indicate whether there was a failure to
send the required notice or whether notice was sent but the clerk of the court
simply made no record of its action.  Consequently, I would deny the motion for
rehearing.

 

 

 

/s/      Eva M. Guzman

Justice

 

Judgment
rendered and Majority and Dissenting Opinions on Rehearing filed January 10,
2008.

Panel
consists of Chief Justice Hedges, Justices Guzman, and  Hudson.* 
(Chief Hedges, J., majority).









[1]  811 S.W.2d at 943.





[2]  Tex. Gov=t
Code Ann. ' 51.303 (Vernon 2005) (addressing duties and powers of the clerk of a
district court; although the clerk is required to record the acts and
proceedings of court, enter all judgments, and record all executions issued,
the statute does not contain an affirmative requirement that the clerk record the
mailing or failure to mail a required notice); Tex. R. Civ. P. 165a (clerk is required to send notice, but
rule contains no requirement that clerk make a record showing that notice was
sent). 





* 
Senior Justice J. Harvey Hudson sitting by assignment.