NUMBER 13-10-00180-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

IN THE INTEREST OF
S.T.A., A CHILD

                                                                                                    
                   

 

On appeal from the 88th
District Court 

of Hardin County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION[1]

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides

Memorandum Opinion by
Justice Rodriguez

 

Pro se appellant Todd Wayne Adams, the
father of S.T.A., a child, brings this restricted appeal from a post-answer
default judgment.[2] 
See Tex. R. App. P. 26.1(c). 
By five issues, which we renumber as four, Adams contends the following:  (1) the
trial court erred in rendering a default judgment against him on a motion to
modify a suit affecting parent-child relationship (SAPCR) because he did not
receive notice of the hearing on the motion; (2) the trial court erred in
rendering the default judgment because Adams and S.T.A. were, at the time of
the hearing, residents of New Mexico; (3) the evidence is insufficient to
support the trial court’s order changing the custody of S.T.A. and awarding
child support and monetary fees to appellee Alison Cathey, the child's mother,
and to Cathey's counsel; and (4) the trial court exhibited prejudice against
Adams.  We affirm.[3]

I.             
Notice

By his first issue, Adams complains that
the trial court incorrectly granted a default judgment because he was not
properly served with notice of the hearing on Cathey’s motion to modify the
SAPCR.  The four elements necessary for a direct attack on a judgment by a restricted
appeal are:  (1) the petition must be brought within six months after the
judgment was signed, (2) by a party to the suit, (3) who did not participate in
the actual trial, and (4) the error complained of must be apparent from the
face of the record.  Ins. Co. of the State of Penn. v. Lejeune, 297
S.W.3d 254, 255-56 (Tex. 2009) (per curiam).  Adams contends that he has met
the requirements of a restricted appeal.  We agree that the record shows the
first three elements have been met.  See id.  Therefore, only the last
element is at issue in this case.  See id.

The rules do not impose a duty on the
trial court, or its personnel, to place evidence in the case file that notice
of a hearing was given.  See Robert S. Wilson Invs. No. 16 Ltd. v. Blumer,
837 S.W.2d 860, 861 (Tex. App.–Houston [1st Dist.] 1992, no writ) (citing
Butler v. Butler, 808 S.W.2d 128, 129 (Tex. App.–Houston
[1st Dist.] 1991, writ denied) (per curiam); Prihoda v. Marek, 797
S.W.2d 170, 171 (Tex. App.–Corpus Christi 1990, writ denied) (en
banc)).  Without such a duty, the "absence from the record of affirmative
proof of notice does not establish error."  Id. at 861-62 (citing Gen.
Elec. Co. v. Falcon Ridge Apts., 811 S.W.2d 942, 943-44 (Tex. 1991)).  For
that reason, an appellant who alleges error apparent from the face of the
record due to the absence of notice carries a heavy burden because the record
will usually be barren of affirmative proof of the error claimed.[4] 
Id. (citing Falcon Ridge Apts., 811 S.W.2d at 943-44).

In this case, the record is silent
regarding whether proper notice of the hearing was given to Adams.  Because
notice of the hearing need not be included in the record, its absence is not
error apparent from the face of the record, as Adams argues.  See id. 
Therefore, because we have no evidence that Adams failed to receive notice of
the hearing, we must conclude that Adams has not satisfied the fourth element
necessary for a restricted appeal, see Lejeune, 297 S.W.3d at 255-56,
and that the trial court did not err in rendering a default judgment on this
basis.  We overrule Adams’s first issue.[5]

 

II.           
Jurisdiction

By his second issue, Adams appears to
contend that the trial court lacked jurisdiction over the case because he and
S.T.A. “were, at the time of the hearings, residents of New Mexico.”  Without
any supporting citations to the record, Adams informs this Court that S.T.A.
attended school in San Juan County, New Mexico from January 2007 through May
2009 and attaches, as part of the appendix to his brief, a copy of a 2008-2009
student's class schedule with the name redacted.  Adams also refers us to
Cathey's SAPCR petition, which sets out that S.T.A. was a resident of San Juan
County.  Finally, without providing any analysis, Adam references sections
152.102(4) and 159.102(7) of the Texas Family Code for the definitions of
"child custody proceeding" and "home state."  See Tex. Family Code Ann. §§ 152.102(4),
152.102(7) (Vernon 2008).  To the extent Adams is attempting to assert a
jurisdiction issue, we conclude that this issue is inadequately briefed.  See
Tex R. App. P. 38.1(i).  Moreover,
when one of the children remains in the state with continuing, exclusive
jurisdiction over a child custody or child support proceeding, as in this case,
section 155.301 of the family code supports a conclusion contrary to Adams’s
position that New Mexico is S.T.A.'s home state.  See Tex. Family Code Ann. § 155.301 (Vernon
2008) ("A court of this state with continuing, exclusive jurisdiction over
a child custody proceeding under Chapter 152 or a child support proceeding
under Chapter 159 shall transfer the proceeding to the county of residence of
the resident party if one party is a resident of this state and all other
parties including the child or all of the children affected by the proceeding
reside outside this state.").  We overrule Adams’s second issue.

III.        Remaining Issues Inadequately Briefed

 

Finally, Adams cites no authority and
provides no explanatory argument for issue three, which challenges the
sufficiency of the evidence to support the trial court's modification order,
and he provides no explanatory argument or citation to authority, except for a
reference to Texas Rule of Procedure 21a, for issue four, which claims that the
trial court was prejudiced against him.  In accordance
with appellate rule 38.1(i), we will only consider contentions that are
supported by clear and concise arguments with appropriate citations to
authorities and to the record.  Tex. R.
App. P. 38.1(i).  Because these issues are inadequately briefed, we
overrule Adams's remaining issues.

IV.       Conclusion

We affirm the September 24, 2009
modification order of the trial court.[6]

 

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Delivered
and filed the 

31st
day of March, 2011.









[1] All issues of law presented by this
case are well settled, and the parties are familiar with the facts.  Therefore,
we will not recite the law or the facts in this memorandum opinion, except as
necessary to advise the parties of the Court's decision and the basic reasons
for it.  See Tex. R. App. P. 47.4.





[2] The order from which Adams appeals
also modifies Adams's parent-child relationship with his child, S.R.A.  Adams
does not, however, challenge those portions of the order in this appeal.





[3] The case is before
this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to
an order issued by the Supreme Court of Texas.  See Tex. Gov't Code Ann. § 73.001 (Vernon 2005).

 





[4] When extrinsic
evidence is necessary to challenge a judgment, as in this case, the appropriate
remedy is by motion for new trial, see Tex.
R. Civ. P. 320, 324(b)(1), or by bill of review filed in the trial court
so that the trial court has the opportunity to consider and weigh factual
evidence. See id. at R. 329b(f); Gen. Elec. Co. v. Falcon Ridge Apts.,
811 S.W.2d 942, 944 (Tex. 1991).

 





[5] Adams also contends
that he was not properly served with any pleadings filed by Cathey.  This
contention, however, is inconsistent with Adams's position that he has
satisfied all elements of a restricted appeal, one of which is that he is a
party to the underlying lawsuit.  See Ins. Co. of the State of Penn. v. Lejeune, 297 S.W.3d 254,
255-56 (Tex. 2009) (per curiam). 
And
while Adams complains that he did not receive a copy of the September 24, 2009
modification and enforcement order until late in October 2009, he does not specifically
complain about failing to receive a copy of Cathey's motion to modify or her
motion to enforce.  Therefore, we will not address this contention.





[6] Adams also prays
that this Court dismiss the trial court's order of enforcement by contempt and
suspension of commitment that was signed the same day as the modification
order.  Adams, however, brings no specific issues related to this order.  See
Tex. R. App. P. 47.1 (providing
that a "court of appeals must hand down a written opinion that is as brief
as practicable but that addresses every issue raised and necessary to final
disposition of the appeal").