

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00043-CV

| | | |
|---|---|---|
| Michelle Woods | § | From the 67th District Court |
| v. | § | of Tarrant County (67-253119-11) |
| Quorum Hotels & Resorts, Ltd.; | § | January 31, 2013 |
| Perini-Grapevine, Inc. d/b/a Hilton | | |
| DFW Lakes Executive Conference | § | Opinion by Justice Dauphinot |
| Center; and Paul Joo | | |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's order. It is ordered that the order of the trial court is affirmed.

It is further ordered that Appellant Michelle Woods shall pay all of the costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Lee Ann Dauphinot



## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00043-CV

MICHELLE WOODS                                                    APPELLANT

V.

QUORUM HOTELS & RESORTS,                                          APPELLEES
LTD.; PERINI-GRAPEVINE, INC.
D/B/A HILTON DFW LAKES
EXECUTIVE CONFERENCE
CENTER; AND PAUL JOO

----------

### FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michelle Woods brings this restricted appeal from the trial court's dismissal of her case, arguing that she did not receive notice of a scheduling conference or dismissal hearing and that she was diligently prosecuting her case

---

[1]*See* Tex. R. App. P. 47.4.

when the trial court dismissed it. Because we must hold that Woods has not shown error on the face of the record, we are constrained to affirm the trial court's order.

Woods sued Appellees Quorum Hotels & Resorts, Ltd.; Perini-Grapevine, Inc. d/b/a Hilton DFW Lakes Executive Conference Center (collectively Hotel); and Paul Joo, alleging that while staying at the Hilton in May 2009, Joo sexually assaulted her. Hotel filed an answer on June 17, 2011.

On June 30, 2011, the trial court ordered a scheduling conference to be held on July 27, 2011. The order stated that "[f]ailure of any party to appear may result in dismissal of this case." The order had a notation at the bottom that the order was to be copied to the attorneys for Woods and for Hotel.

Neither Woods nor her attorney appeared at the scheduling conference. That same day, the trial court signed an order dismissing Woods's claims without prejudice.

On December 9, 2011, Woods filed a motion to reinstate. In the motion, Woods asserted that she never received any notice of a scheduling conference or dismissal hearing. Attached to the motion was an affidavit from Woods's attorney in which he stated that he never received a copy of the scheduling order and did not become aware of it until he received notice that the case had been dismissed. Nothing in the record indicates that the trial court took any action on

the motion, which was not timely filed. On January 27, 2012, Woods filed this restricted appeal.

A restricted appeal must: (1) be brought within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment made the subject of the complaint or file a timely postjudgment motion, request for findings of fact and conclusions of law, or other notice of appeal; and (4) raise error that is apparent on the face of the record.[2] Only the last requirement is at issue in this case. When reviewing Woods' issues, then, we must consider whether her complaints relate to error that is apparent on the face of the record.

Woods argues in her first issue that the trial court abused its discretion by dismissing her case without giving her notice of a dismissal hearing. Woods asserts that the trial court's dismissal of her case violated her due process rights. Woods contends that before a trial court may dismiss a case for want of prosecution, a party must be provided with notice and an opportunity to be heard, and Woods's attorneys had no knowledge of the scheduling conference before the hearing. Woods also asserts that the scheduling order does not satisfy the proper dismissal procedures and notice under the rules of civil procedure. And,

---

[2]*GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 58–59 (Tex. App.—Fort Worth 2003, pet. denied); *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied); *see also Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) ("[A] restricted appeal requires error that is *apparent*, not error that may be inferred.")

Woods argues, she was entitled to an evidentiary hearing before dismissal, and a court reporter is required for an evidentiary hearing, but there was no court reporter at the dismissal hearing, and therefore the trial court's order must be reversed as a matter of law.

Rule 165a of the civil procedure rules provides that "[a] case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice."[3]  As Woods asserts, the rule requires that the clerk send each attorney of record notice of (1) the court's intention to dismiss and (2) the date and place of the dismissal hearing.[4]

Unfortunately, Woods's arguments under this issue have been rejected by the Supreme Court of Texas.  Although the rules governing dismissals for want of prosecution direct the clerk to mail notice of the dismissal hearing as well as a notice that the trial court signed a dismissal order, the rules do not impose upon the clerk an affirmative duty to indicate anywhere in the record that these notices were sent.[5]  For that reason, silence in the record about whether the clerk provided either notice of intent to dismiss or notice of the order of dismissal does

---

[3]Tex. R. Civ. P. 165a.

[4]*Id.*

[5]*Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009).

5

not establish error on the face of the record.[6]  As the Supreme Court has stated, in a restricted appeal, it is not enough that error may be *inferred*; it must be *apparent*.[7]  And the absence in the record about the sending of notices neither establishes that notice was provided nor establishes that it was not.[8]  If we cannot affirmatively determine from the face of the record that notices were *not* provided, then the error is not apparent on the face of the record.

Applying the law to this case, although the trial record does not show on its face that notices were mailed to Woods, that fact alone is not error apparent on the face of the record.[9]  This situation is different from, for example, a default judgment, because citation and return of service must be on file more than ten days before the trial court may properly render a default judgment.[10]  Thus, in a restricted appeal from a default judgment, if the trial record does not show

[6]*Id.*; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 849 (Tex. 2004).

[7]*Gold*, 145 S.W.3d at 213.

[8]*See Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943–44 (Tex. 1991) (distinguishing cases in which procedural rules impose a duty either on the parties or the clerk to ensure that notice was affirmatively shown in the record, pointing out that "[t]here is thus nothing in the transcript before us that affirmatively indicates that notice was given, nor any notation to establish that notice was omitted," and holding that "[t]he absence from the record of affirmative proof that notice of intent to dismiss or of the order of dismissal was provided does not establish error").

[9]*See Alexander*, 134 S.W.3d at 849–50 ("[T]he fact that the record is silent about the sending of notices under Rule 165a does not establish error on the face of the record.").

[10]Tex. R. Civ. P. 107(h).

6

service, the trial record shows error on its face.[11]  This appeal, however, resulted from a dismissal after Woods failed to appear for a scheduling conference, the same situation the Supreme Court addressed in *Alexander*, and not from a default judgment.  Accordingly, we are compelled to hold that Woods has not shown error on the face of the record with respect to whether the trial court provided notice of either the scheduling conference or the dismissal order.  We overrule this part of Woods's first issue.

Regarding whether the trial court's scheduling order properly provided the type of notice that is required to dismiss a case under rule 165a, the *Alexander* court addressed a similar fact situation and stated,

> The order setting the pre-trial conference plainly warned the litigants that they could expect the trial court to dismiss the case for want of prosecution if Lynda's Boutique failed to attend: Failure to appear without excuse will result in [1] dismissal of the case for want of prosecution or [2] entering sanctions or other orders as the Court deems appropriate.  The fact that the trial court said that it might order sanctions in addition or as an alternative to dismissal did not diminish the warning that dismissal was at issue.  The fact that the order in this case explicitly states that the court could order lesser or alternative sanctions does nothing more than state the court's inherent authority.[12]

---

[11]*See, e.g.*, *JPMorgan Chase Bank, N.A. v. Tejas Asset Holdings, L.L.C.*, No. 05-11-00962-CV, 2012 WL 3929798, at *2 (Tex. App.—Dallas Sept. 10, 2012, no. pet. h.); *see also Gen. Elec. Co.*, 811 S.W.2d at 943 (listing the granting of a default judgment as a situation in which the procedural rules require the record to show that service was made).

[12]*Alexander*, 134 S.W.3d at 851.

7

Here, as in *Alexander*, the trial court's order put Woods on notice that dismissal was at issue. Woods has therefore not shown error on the face of the record with respect to whether the order provided notice that her claims could be dismissed. We overrule this part of Woods's first issue.

As for Woods's complaint about the failure of the court to hold a dismissal hearing, again, she has not shown error on the face of the record. Here, as in *Alexander*, "the parties were told to appear on a specific day at a specific time and that if they did not do so, the case could be dismissed for want of prosecution"—"[t]hey were told when and where to appear and what the adverse consequences could be if they did not appear."[13] The *Alexander* court held that under those facts, the failure of the trial court to conduct a dismissal hearing is not error that is apparent from the face of the record.[14] In this case, Woods was told a specific day and time to appear and that if she did not appear, her claims could be dismissed, and Woods failed to comply with the express requirements of the trial court's order. We must therefore hold that the failure of the trial court to conduct a dismissal hearing is not error that is apparent from the face of the record.

Regarding Woods's due process claim, the *Alexander* court addressed a similar issue, holding that

---

[13]*Id.* at 852.

[14]*Id.*

8

[b]ecause the notice in this case clearly set a date and time for a hearing and clearly stated that the parties could expect the court to dismiss the case for want of prosecution for nonattendance, the order satisfies any requirement that there be notice and an opportunity to be heard before a case is dismissed for want of prosecution. The right to seek reinstatement as provided in Rule 165a(3), a restricted appeal in the appropriate case, and procedures for a bill of review will generally satisfy any due process concerns that might arise in this context.[15]

Applying this language, under these facts, the trial court's dismissal of Woods's case without an evidentiary hearing did not violate her due process rights. We overrule the remainder of Woods's first issue.

Woods argues in her second issue that the trial court abused its discretion by giving her the "death penalty" when a lesser sanction would have been more appropriate and that the trial court should have held a show cause hearing to determine why she did not attend and whether a lesser sanction was appropriate. The face of the record does not show that the dismissal was a sanction. Accordingly, the law regulating a trial court's authority to sanction a party does not apply. And because we have held that Woods has not shown error on the face of the record regarding the trial court's dismissal of her case under rule 165a, we need not consider whether the trial court could have dismissed her claims as a sanction. We overrule Woods's second issue.

Finally, in her third issue, Woods argues that the trial court abused its discretion by dismissing her case when she was diligently prosecuting it. Under

---

[15]*Id.* at 852.

9

this issue, Woods argues that after a dismissal for want of prosecution, if a plaintiff files a motion to reinstate showing that she was reasonably diligent in prosecuting her suit, the court should reinstate the case. Woods then explains what her attorney had done in pursuing her case. But Woods has not shown error on the face of the record regarding whether the trial court erred by dismissing her claims.

When the trial court signed an order dismissing her claims, it did not have before it the affidavits on which Woods now relies. Those affidavits would be relevant to whether the trial court should have granted her motion to reinstate had it been timely filed, not to whether dismissal was proper at the time the dismissal order was signed. But Woods did not timely file her motion to reinstate, so the trial court could not have erred by failing to grant it.[16]

Woods's argument about showing diligence in prosecution in order to have a claim *reinstated* does not establish that the trial court erred by dismissing the claim in the first place. And, importantly, the Supreme Court has stated that "[t]he rule has long been that evidence not before the trial court *prior to final judgment* may not be considered" in a restricted appeal.[17] Instead, when

---

[16] *See* Tex. R. Civ. P. 165a(3), 306a.

[17] *Gen. Elec. Co.*, 811 S.W.2d at 944; *see also Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.) ("In a restricted appeal, the 'face of the record' consists of the papers on file with the trial court when it rendered judgment. Accordingly, an appellate court may not consider evidence in a restricted appeal unless it was before the trial court when judgment was rendered.") (citation omitted).

extrinsic evidence is necessary to challenge the trial court's judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court, not by restricted appeal.[18] The affidavits were filed in the trial court, but they were not on file with the trial court at the time it rendered judgment. If Woods wished to have the affidavits considered, her remedy was by bill of review—a remedy that we point out may still be available to her.[19]

Because Woods has not shown error on the face of the record relating to the trial court's dismissal of her case for failure to appear at the scheduling conference, we overrule Woods's third issue.

Having overruled Woods's three issues, we are compelled to affirm the trial court's order.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: January 31, 2013

---

[18] *Gen. Elec. Co.*, 811 S.W.2d at 944.

[19] *See Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (setting out the requirements for setting aside a judgment by way of a bill of review); *Gen. Elec. Co.*, 811 S.W.2d at 944 n.2 (concluding that appeal by writ of error was not available to the appellee and stating that the appellee still had the option of seeking bill of review in the district court).