# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00160-CV

**David Lightfoot Hernández, Appellant**

**v.**

**Cindy Foreman, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-12-000036, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant David Lightfoot Hernández, an inmate in the Texas Department of Criminal Justice, brings a restricted appeal from a final summary judgment against claims he asserted against appellee, Cindy Foreman. In three issues, Hernández complains that Foreman did not serve him with her summary-judgment motion and other motions, that Foreman and the district court failed to serve him with notice of hearings in violation of his due process rights, and that the district court abused its discretion in not allowing him to participate in the hearings.

In support of his issues, Hernández relies on a declaration he filed with this Court stating that he never received copies of the relevant motions.[1] However, in a restricted appeal, the complained-of error must be apparent from the face of the record. *See Ginn v. Forrester*,

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (West Supp. 2012) (providing procedure for inmates to file unsworn declarations in lieu of affidavits).

282 S.W.3d 430, 431 (Tex. 2009) (per curiam). Hernández instead seeks to rely on new evidence that is extrinsic to the record. We cannot consider that evidence here. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848-49 (Tex. 2004) (affidavit filed in supreme court constituted extrinsic evidence that could not be considered in restricted appeal); *General Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 944 (Tex. 1991) (affidavit filed in appellate court averring that notice was neither given nor received constituted extrinsic evidence that could not be considered in appeal by writ of error, the predecessor to restricted appeals). Instead, "[t]he appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial . . . or by bill of review filed in the trial court." *General Elec. Co.*, 811 S.W.2d at 944.[2]

As Hernández has not demonstrated error on the face of the record, we overrule Hernández's appellate issues and affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Field

Affirmed

Filed: March 6, 2013

_____

[2] However, we intend no comment as to the ultimate merits of such a claim for relief, should Hernández pursue it.