# NO. 12-14-00032-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *OSCAR W. STILL, A/K/A OSCAR WARDON STILL,* *APPELLANT* | § | *APPEAL FROM THE 4TH* |
| *V.* | | |
| *KILGORE INDEPENDENT SCHOOL DISTRICT, RUSK COUNTY, RUSK COUNTY GROUNDWATER CONSERVATION DISTRICT, RUSK COUNTY RURAL FIRE DISTRICT, AND KILGORE COLLEGE,* | § | *JUDICIAL DISTRICT COURT* |
| *APPELLEES* | § | *RUSK COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Oscar W. Still filed this restricted appeal of the trial court's judgment rendered in favor of Appellees Kilgore Independent School District, Rusk County, Rusk County Groundwater Conservation District, Rusk County Rural Fire District, and Kilgore College. In one issue, Still argues that the trial court erred in rendering judgment against him because he was not given notice of the trial setting. We affirm.

### BACKGROUND

Appellees brought suit against Oscar W. Still a/k/a Oscar Wardon Still and others[1] to recover delinquent ad valorem taxes related to four tracts of property. They also sought to recover attorney's fees and costs. Appellees further alleged that Still could be served with process at 24235 Henderson Blvd., Kilgore, Texas 75663. After they were unable to serve Still, they filed an

---

[1] The other defendants are not parties to this appeal.

affidavit for substituted service, in which they claimed to have attempted service on Still at 10746 CR 243, Kilgore, Texas.

Later, Appellees filed their first amended petition in which they again asserted that Still's address was 24235 Henderson Blvd., Kilgore, Texas 75663. By this amended pleading, Appellees added a fifth tract of property for which they sought recovery of delinquent ad valorem taxes. At the same time, Appellees filed a motion for substituted service of citation at the Henderson Boulevard address. The trial court granted the motion.

Appellees successfully served Still with citation. Still, proceeding pro se, filed an answer in which he made a general denial. In his answer, beneath his signature, Still set forth his mailing address as P.O. Box 883, Kilgore, Texas 75663. But Still made no allegations that the two addresses asserted by Appellees in the previous filings were not also correct for him.

The trial court called the case for trial on October 3, 2013. There is no indication that Appellees requested a trial setting, and the clerk's record does not contain a notice of trial setting.[2] Appellees appeared for trial, but Still did not. Appellees' attorney stated on the record that he notified Still of the trial setting. Appellees then presented evidence to the trial court of the delinquent ad valorem taxes related to the five tracts of property at issue.

On October 3, 2013, the trial court signed its written judgment in Appellees' favor. In the judgment, the trial court set forth that Still was duly served with process, answered the suit, and was duly notified of the trial setting. On October 11, 2013, the district clerk sent a notice of final judgment to all parties. The record is unclear whether the district clerk sent the notice of final judgment to Still at the address Appellees provided in their first amended petition or to the address that Still provided in his answer. In January 2014, Still filed this restricted appeal.

## RESTRICTED APPEAL

In his sole issue, Still contends that the trial court erred in rendering judgment against him because he was not given notice of the trial setting, and thus, was not given an opportunity to participate in the trial.

### Applicable Law

A restricted appeal is available to a party who (1) did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of, and (2) did not timely

---

[2] The trial court is authorized to set a case for trial on its own motion. *See* TEX. R. CIV. P. 245.

file a postjudgment motion, request for findings of fact and conclusions of law, or notice of appeal. TEX. R. APP. P. 30. Notice of the restricted appeal must be filed within six months after the judgment or order is signed. TEX. R. APP. P. 26.1(c).

A restricted appeal is a direct attack on a trial court's judgment. *Bennett v. Wood Cnty.*, 200 S.W.3d 239, 240 (Tex. App.–Tyler 2006, no pet.). A party can prevail in a restricted appeal only if error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

When a defendant has filed a timely answer, a trial court must provide the defendant notice of a trial setting as a matter of due process. *Platt v. Platt*, 991 S.W.2d 481, 483 (Tex. App.–Tyler 1999, no pet.). We presume that the trial court will hear a case only when notice has been given to all parties. *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.–Fort Worth 2003, no pet.). A defendant overcomes the presumption of proper notice by affirmatively showing lack of notice. *Id*.

When the record is silent as to notice, error is apparent on the face of the record if the procedural rules impose a duty to ensure that notice was affirmatively shown in the record. *Gen. Elec. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 943 (Tex. 1991). Neither the trial court or its personnel has a duty to place in the record notice that a trial setting was given. *See Robert S. Wilson Invs. No. 16, Ltd. v. Blumer*, 837 S.W.2d 860, 861 (Tex. App.–Houston [1st Dist.] 1992, no writ). Therefore, error is not apparent on the face of the record if, for example, the record merely fails to demonstrate that notice of a pretrial hearing or notice of an order dismissing the case was sent to a particular address of the complaining party. *See Alexander*, 134 S.W.3d at 849. Similarly, the absence from the record of affirmative proof that the trial court provided notice to the parties does not establish error. *See Gen. Elec.*, 811 S.W.2d at 944.

The restricted appeal requirement that error must be apparent on the face of the record means that evidence not before the trial court prior to final judgment may not be considered. *See id*. Therefore, we may not consider an affidavit attached to an appellate brief. *See Alexander*, 134 S.W.3d at 848. If extrinsic evidence is necessary, the party should present the evidence in a motion for new trial or a bill of review. *See id*.

**Application**

In the instant case, Still asserts that he never received notice that trial was set for October 3, 2013. In support of this assertion, Appellant attached an affidavit to his appellate brief. However, we do not consider attachments to appellate briefs when determining whether error is apparent on

3

the face of the record. *See id*. Instead, we consider only the record that was before the trial court prior to final judgment. *See Gen. Elec.*, 811 S.W.2d at 944.

Here, the record is silent concerning how the case came to be set for trial. Appellees did not file a motion for a trial setting, but the trial court could have set the case for trial on its own motion. *See* TEX. R. CIV. P. 245. Additionally, the record is silent regarding how Still was notified of the trial setting. At trial, Appellees' attorney claimed that he notified Still of the trial setting, and the trial court's judgment simply states that Still was "duly notified" of the trial setting.

While Still has demonstrated some ambiguities in the record, he has failed to show error apparent on the face of the record. There are no procedural rules that impose a duty on a trial court to ensure that notice is affirmatively shown in the record when it sets a case for trial on its own motion. *See Gen. Elec.*, 811 S.W.2d at 943. Therefore, because Still did not affirmatively show, based on the record before the trial court, that he did not receive proper notice, his restricted appeal fails. *See Campsey*, 111 S.W.3d at 771. Still's sole issue is overruled.

## DISPOSITION

Having overruled Still's sole issue, we ***affirm*** the trial court's judgment.

<u>**BRIAN HOYLE**</u>
Justice

Opinion delivered March 25, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 25, 2015**

**NO. 12-14-00032-CV**

**OSCAR W. STILL, A/K/A OSCAR WARDON STILL,**
Appellant
V.
**KILGORE INDEPENDENT SCHOOL DISTRICT, RUSK COUNTY, RUSK COUNTY GROUNDWATER CONSERVATION DISTRICT, RUSK COUNTY RURAL FIRE DISTRICT, AND KILGORE COLLEGE,**
Appellees

Appeal from the 4th District Court

of Rusk County, Texas (Tr.Ct.No. 2011-266)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **OSCAR W. STILL, A/K/A OSCAR WARDON STILL,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5